Daniel, J.
 

 The paper writing, which was offered to be proved as the last will of Reuben Johnson, named Martin A. Gash and Sarah Johnston, an executor and executrix to the same. But it appears, that Gash only offered the paper for probate to the County Court of Henderson.
 
 The
 
 defendants appeared and caveated the paper writing, as a will. The Court ordered an issue of
 
 devisavit vel non
 
 to be made up and submitted to a jury. The issue, which was made up under the order of the Court, was probably framed in such a manner, as to confine the response of the jury (will or no will) to the said paper
 
 in toto.
 
 Whereas, the Court might have directed the issue to have been 'drawn up specially, for the jury to find, whether the paper writing, propounded as the last will of Reuben Johnson, deceased, was in fact his will, or any part of it, and which part. Frequently, this special mode of framing the issue will be found most advisable. Then the jury may respond, that one ormore of the legacies or devises, mentioned in the paper, is or are not any part of the last will; and that the residue of the paper writing is the last will of the supposed testator.
 
 Trembistown
 
 v.
 
 D. Alton,
 
 1 Dow. & Ciark, N. T. 95. And when a paper writing is propounded by an executor as the last will of a person deceased, and caveated, and a special issue is made up as above mentioned, then the acts and declarations of each, legatee and devisee, named in the paper propounded as a will, may be given in evidence, against the interest of that particular legatee or devisee. The acts and declarations of any one of such persons, will not affect the interest of any other person or persons, named in the paper as legatee or devisee, because the interest of each-one of them is generally Separate and distinct. But even upon the issue in this form, we think that his Honor was correct, in admitting the declarations of Sarah Johnson to be given in evidence against her interest, as far as
 
 *292
 
 that interest extended, and his Honor expressly confines its operation to that. For the executor, fairly propounding and fairly acting, is the
 
 legitimus contradictor
 
 for all the legatees: the verdict of the jury and sentence of the Court are conclusive as to them.
 
 Redmond
 
 v.
 
 Collins,
 
 4 Dev. 430. A sentence for or against a will is not binding against those who are not parties or privies. But privies are those, who claim through a party, as the propounding executor, or have notice of the proceedings.
 
 Ibidem.
 
 The declarations of Sarah Johnson were therefore evidence against the will certainly, so far as those declarations affected her legacy under the will. But a devisee is not necessarily represented by the executor, and is not affected by a sentence against a will, when pro. pounded by him, unless the devisee is a party to the proceedings, or has notice of them, and he may afterwards establish the will in an action of ejectment, if he is able to do so. So far, therefore, as Sarah Johnson stands as a devisee under this paper-writing, the evidence of her declarations, received by the Court on the trial, were altogether immaterial, as she was not a party to the issue as devisee ; and it is never considered a ground for a new trial, that the Judge admitted evidence, which was immaterial to the interest of either of the parties to the issue. The will was attacked on the ground that the- testator had not capacity, and also on the ground that it had been fraudulently obtained from Reuben Johnson, by the undue influence and undue persuasions of Sarah Johnson, the principal legatee and devisee under the said paper-writing. The Judge permitted the caveators to give her declarations in evidence to sustain the latter grounds. This had been objected to by Gash. And we understand from the case, it was the only point appealed from. The case states, that the jury found against the will, because it was made “by persuasion.” This finding by the jury does not appear by the case to be objected to by' the propounder of the will. A will certainly is not void,
 
 *293
 
 because it has been obtained “
 
 by persuasion.”
 
 To make it void, the persuasion must be undue and fraudulent. The executors offered the evidence to shew, as they stated to the Court, that the will had been obtained by the importunity and undue influence of the said Sarah Johnson. We take it, that the jury found the issue for the defendants generally, and the reasons they gave for it cannot be considered by us as a special verdict. Those reasons were given merely to shew that the jury found upon the point to which the evidence was relevant, which was objected to, in order to raise the point of law on which the parties Wished the opinion of this Court, namely, the competency of that evidence. The declarations of Sarah Johnson, certainly, were not evidence against the other legatees. But the whole of the evidence given on the trial is not pretended to be reported to this Court. There may have been other evidence beside the declarations of Sarah Johnson, sufficient to satisfy the jury that the will was obtained
 
 in toto
 
 by undue persuasions. We are of opinion, that the judgment be affirmed.
 

 Pee Cusiam. Judgment affirmed.