Manly, J.
 

 ~We
 
 have examined this case, and do not find any error in the instructions excepted to-. The case yields all question as to- the formal execution of the instrument, and its execution by one having sufficient capacity, and makes a question only upon the point of undue influence. Our attention, therefore, is directed to certain instructions upon that point alone. Undue influence is defined to be an influence by fraud or force, or by both, and, in its application to the making of a will, signifies, that through one, or both of these means, the will of the decedent was perverted from its free action, or thrust aside entirely, and the will of the influencing party substituted for it. This definition is substantially given when the jury are told, “ it is a fraudulent influence, overruling or controlling the mind of a person operated on.”
 

 It seems the decedent and the legatee stood in the relation
 
 *414
 
 ‘of attorney and
 
 client
 
 — patron and
 
 dependent,
 
 and the Court below, in noticing this, informs the jury “that dealings between persons bearing these relations, one to another, are to be ■suspected and scrutinised more closely and caréfully than dealings between others.” These relations, as facts pertinent to the issue, with the other facts in the cause, bearing upon the point, were submitted to the jury with proper instructions. This is •'all, we think, the Court was authorised to do by the law of :the land.
 

 A paper that does not emenate from the consent of the maker, freely given, is not a will, but the want of such consent, is not a legal conclusion from the relations referred to, •or from any, or all of the facts in the cause. Altogether, these form a body of facts, from which undue influence may ■or may not be inferred. But this inference should be drawn by the jury, and not by the Court;
 
 Downey
 
 v. Murphy, 1 Dev. and Bat. 90.
 

 We concur with the Court below, therefore, that undue influence must bo fraudulent and controlling, and must be shown to the satisfaction of a jury, in a court of law, upon an issue of
 
 devisavit ml non.
 

 No special instructions were asked for by the appellant. Of the instructions given and excepted to, no particular portion has been pointed out as the object of the exception. We have, therefore, gone through the whole, and find no error.
 

 Per Curiam,
 

 Judgment affirmed.