Battle, J.
 

 In the instructions given to the jury upon the questions set out in the bill of exceptions, we entirely concur, and we do not deem it necessary to add any thing to the remarks made by his Honor on those questions.
 

 But upon the point of the rejection of the executor as a witness for the defendants, we think his Honor fell into an error. The script propounded for probate, bears date the 16th day of August, 185S, which is since the Revised Opde went into operation, and by the 9th section of the 119th chapter of that Code, a person, named as an executor, is made competent to be examined as a witness, either for or against the alleged will. The words of the enactment are, that “ no person, on account of his being an executor of a will, shall be incompetent to be admitted as a witness to prove the execution of such will, or to prove the validity or invalidity thereof.”— Here, the executor was offered by the defendants, as a witness, to prove the invalidity of the alleged will, and the statute, in express terms, makes him competent for that purpose, unless his being a party plaintiff to the issue, is sufficient to to exclude him. If that were so, the object of the statute might always be defeated by making the person, named as executor, a party to the issue, a result which the courts are not at liberty to allow. Indeed, it is said that to the issue of
 
 (kvisavit ml
 
 non, there are, strictly, no parties; it being in the nature of a proceeding
 
 in
 
 r»; see
 
 Enloe
 
 v. Sherrill, 6 Ire. 212;
 
 Love
 
 v. Johnston, 12 Ire. 355, and other cases. Hence, the declarations of persons appearing on the record as contestants, are admissible or not, according to their interest,
 
 *410
 
 and not according to the side of the issue on which they are .placed. It is certainly within the power of the Legislature to make one who is a party to the issue, in the strict sense of the common law, a witness either for or against himself in a civil case, of which we have instances in the book-debt law, and in issues of fraud made up under the insolvent law. See Revised Code, chap. 15, and chap. 59, section 13. Much more, then, can an executor be made competent as a witness in an issue to which, though he may be a party in some sense, he is not so in the strict common law sense. This consideration makes it easier for us to adopt a construction of the act, which was intended to give the benefit of an executor’s testimony to every person who should be interested, either in the establishment, or defeat of a paper-writing propounded as a will. In the present case, the executor was offered as a witness against his interest, and we think the act, referred to, makes him competent, and it vras, therefore, error in his Honor to reject him.
 

 The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.