A. L. PAINE and others v. GARRISON ROBERTS and ROBERT PAINE.

*Evidence—Part of Conversation—Undue Influence.*

1. Upon the trial of an action brought for the cancellation of a deed, one of the plaintiff's allegations being the inadequacy of the price ($400), a witness for the plaintiff testified upon cross-examination that he had heard two of the plaintiffs say they would not give more than $400 for the land on account of the title. Plaintiff then proposed to prove by the witness the whole of the conversation, in which the two plaintiffs expressed the opinion that the deed was fraudulent, &c., but the evidence was excluded; *Held*, to be error, for the defendants had brought out a part of the conversation, and the whole was admissible as evidence qualifying the plaintiff's estimate of the value.

2. The law does not require that persons should be able to dispose of property with judgment and discretion. It is sufficient if they understand what they are about. Susceptibility to undue influence will not vitiate an instrument operating *inter vivos* or after death, unless it was induced by fraudulent practices.

(*Wright* v. *Stowe*, 4 Jones, 516; *Buie* v. *Carver*, 73 N. C., 264; *Moffit* v. *Witherspoon*, 10 Ired., 185; *Horne* v. *Horne*, 9 Ired., 99; *Cornelius* v. *Cornelius*, 7 Jones, 593, cited and approved.)

CIVIL ACTION for the Cancellation of a Deed, tried at November Special Term, 1878, of MADISON Superior Court, before *Avery, J.*

Verdict and judgment for defendants, appeal by plaintiffs.

Messrs. *G. M. McLoud, J. H. Merrimon* and *M. E. Carter*, for plaintiffs.

Messrs. *T. F. Davidson, J. L. Henry* and *Reade, Busbee & Busbee*, for defendants.

SMITH, C. J. The plaintiffs and the defendant Robert Paine are the heirs at law of James Paine, who died intestate in February, 1875, over ninety years of age. On De-

cember 19, 1867, he conveyed by deed to his son, the defendant Robert, and to his grandson, the defendant Garrison, for the recited consideration of four hundred dollars, a tract of land consisting of several associated parts, estimated to contain two hundred and twenty acres, and therein particularly described. The purpose of this suit is to obtain a judgment annulling the conveyance, upon an allegation of the imbecility of the grantor's mind and a fraudulent influence exerted over him by the defendants in procuring the execution of the deed. The only issue, with consent of counsel of both parties, submitted to the jury is this:

"Was the execution of the deed from James Paine to Robert Paine and Garrison Roberts procured through fraud, circumvention or undue influence, on the part of the defendants or either of them?" Upon which, after hearing the testimony, the jury responded in the negative.

During the progress of the enquiry before the jury, many exceptions were taken by the plaintiffs to the rulings of the court in excluding evidence offered, of which it is only necessary to notice a single one:

The alleged inadequacy of the price paid for the land was a subject of controversy and of conflicting testimony, and was relied on by the plaintiffs as showing an impaired capacity and susceptibility to fraudulent influences of the deceased. On the cross-examination of one of the plaintiffs' witnesses, and in answer to an interrogatory of the defendants' counsel, he stated that he asked the plaintiffs, John and Daniel Paine, why they did not buy the land, and they replied that they would not give more than four hundred dollars for it on account of the title. Plaintiffs then asked the witness to detail all that was said in reference to that point, and upon the defendants' objection thereto being sustained, they proposed to prove that the said John and Daniel in the same conversation expressed the opinion that the deed to the defendants was not valid. This testimony was

also excluded, and we think ought to have been heard, not as proof of the incapacity of the deceased, or the exercise of fraudulent influences in procuring the deed, but as qualifying and explaining their estimate of the value of the property. Its admission would perhaps have removed an apparent antagonism between their estimate and their present contention that the price paid was grossly insufficient, and becomes material upon the question of capacity and fraud. It is a rule of general application that where a part of a conversation is extracted from the witness, the other party is entitled to all that was said bearing on the point, in order that its import and effect may be understood.

" The whole admission is to be taken together," says Mr. GREENLEAF, "for though some part of it may contain matter favorable to the party, and the object is to ascertain that which he has conceded against himself, for it is to this only that the reason for admitting his own declarations applies, namely, the great probability that they are true; yet unless the whole is received and considered, *the true meaning and import of the part* which is good evidence against him, cannot be ascertained." 1 Greenl. Ev., §201.

It is upon a similar principle that a witness is not allowed to testify to what a deceased witness swore on a former trial, unless he can repeat the substance of all the testimony. *Wright* v. *Stowe,* 4 Jones, 516 ; *Buie Carver,* 73 N. C., 264.

It is not necessary to pass upon the other exceptions, and we simply advert to the form of the questions put to the witnesses to elicit their opinion as to the capacity of the deceased, to say, the law does not require that persons should be able to make a disposition of their property, " with judgment and discretion," in order to the validity of the act. It is sufficient if they understand what they are about. *Moffit* v. *Witherspoon,* 10 Ired., 185; *Horne* v. *Horne,* 9 Ired., 99; *Cornelius* v. *Cornelius,* 7 Jones, 593.

Nor will susceptibility to undue or fraudulent influences

however clearly shown, vitiate an instrument operating *inter vivos,* or after death, unless it was induced by fraudulent practices.

For the error assigned in ruling out the evidence, there must be a *venire de novo,* and it is so ordered and adjudged.
Error.                                              *Venire de novo.*