A. T. & J. C. OLIVE v. H. C. OLIVE.

*Discretion — Re-opening Evidence— Witness—Tort—Contract— Conversion.*

1. The Court may in its discretion, after the close of the testimony, permit the case to be re-opened and further evidence to be introduced ; and the exercise of such discretion is not reviewable upon appeal.

2. It is not error to refuse to allow a party, on the cross-examination of a witness, to call out new and substantive matters, when the Court announces that the party desiring such testimony, may recall the witness and examine him at a subsequent and more appropriate stage of the trial.

3. If a party to an action introduce and examine his adversary as a witness, the credibility of the latter is not open to attack, and it makes no difference in that respect by which side he may be subsequently recalled.

4. The rule that when one person takes and sells the personal property of another, the latter may waive the tort and recover the money, embraces the case where the person sued received the money in consequence of the action of a Court whose jurisdiction and process he invoked for that purpose.

(*Pain* v. *Pain*, 80 N. C., 322 ; *State* v. *Lee*, Ibid, 483 ; *State* v. *King*, 84 N. C., 737 ; *Wall* v. *Williams*, 91 N. C., 477 ; *Jones* v. *Baird*, 7 Jones, 132 ; cited and approved.)

CIVIL ACTION tried before *Clark, Judge,* at February Civil Term, 1886, of WAKE Superior Court.

The defendant appealed.

The facts are stated in the opinion.

*Mr. A. M. Lewis,* for the plaintiff.

*Mr. D. G. Fowle,* for the defendant.

Smith, C. J. This action was commenced in a justice's court, (and removed by defendant's appeal to the Superior Court), to recover the sum of $148$\frac{85}{100}$, claimed to be due from the defendant.

The single issue submitted to the jury was: " Is the defendant indebted to the plaintiff; and if so, in what amount?"

The answer returned was: One hundred dollars, with interest from 22d November, 1881.

Judgment being rendered against the defendant, he appealed.

To support their contention, the plaintiffs read in evidence a mortgage, in the usual form of crop liens, executed by one E. Ferrall, conveying the crops to be raised on the lands "known as Kendrick Johnson's land, now owned by Pennina Mills," and proved that they furnished provisions to him to the amount of $150$\frac{15}{100}$ under the deed, and that in the Fall of the same year, they took into their possession, of the crops raised by Ferral, 3,248 pounds of seed cotton. This cotton was subsequently seized under an attachment issued at defendant's instance, and sold, and the proceeds paid over to him. The plaintiffs' mortgage was dated and registered on the 17th day of January, 1881, while Rand & Barbee had a lien upon the entire crops of an earlier date, and the defendant said he claimed under a lien created by Pennina Mills. The plaintiff here rested, and defendant asked the Court to direct the jury to render a negative response to the issue. At the same time, the plaintiffs asked permission to re-open their case for the introduction of further testimony. This the Court allowed, and denied the defendant's motion. To this ruling the first exception is taken.

I. The exception is untenable, and the action of the Court was but an exercise of that discretion reposed in him by law, in order to a fair trial and the attainment of the ends of administering justice. *Pain* v. *Pain,* 80 N. C., 322.

The examination of witnesses may be allowed in the discretion of the presiding Judge at any stage of the trial in furtherance of justice. *State* v. *Lee,* 80 N. C., 483; *State* v. *King,* 84 N. C., 737.

The plaintiff thereupon put the defendant on the stand, and proved by him that he had received $100 of the proceeds of sale of that cotton, besides $25 from Rand & Barbee, the excess received by them over the amount due on their mortgage. On his cross-examination his counsel offered in evidence a mortgage dated March 24th, 1881, made by Pennina Mills and said Ferrall to him, and stated that he proposed to show that it covered the crops grown on the same land and now claimed by the plaintiffs.

The Court refused to receive the evidence at this stage of the case, as the plaintiffs had not closed, but that it would be admitted, and the witness recalled for that purpose, when the defendant put in his proofs.

II. The defendant's second exception is to this action of the Court. We find no error in the refusal to allow this substantive evidence in defence, to be interjected in the course of the examination of the plaintiffs' witnesses, and no just right was denied to him.

In practice, it is common to prove handwriting, and thus the execution of an instrument in writing by a subscribing witness, or witness acquainted with the handwriting, upon cross-examination, to the end that it may be read to the jury, or proved, at the proper time for its introduction as affirmative evidence of the party. And it is not in evidence until read or accepted, though by such preliminary examination put in condition to be read. But this is rather a convenience than right, since a controversy may spring up as to the authenticity of the instrument, and at an inopportune time. There is no error in the course pursued by the Court, and no just cause of complaint afforded the appellant.

III. The defendant then offered the record of a trial of an action brought before a justice of the peace by himself, against said Ferrall and Mills, in which it was adjudged that the $100 now claimed, be paid over to the defendant, and it was so received by him.   The evidence was not received, as we understand, because offered before the plaintiffs' testimony was concluded, as was the other.   But both the mortgage and record of the trial were subsequently received and heard by the jury, so that no detriment could come to the defendant from the ruling of the Court, had it been, as we hold it was not, erroneous to exclude it when an opportunity offered.

IV. The next exception is to the refusal of the Court to allow the defendant's counsel to recall him and examine him as the plaintiffs' witness.   We do not feel the force and pertinency of the proposition.

The defendant had been made a witness for the plaintiffs, and his credibility was not open to an attack of those introducing him.   His testimony would come before the jury with the same claims to their confidence, whether called in the second examination the witness of one or the other party. It does not appear he was recalled, and if he was, that any exigency occurred in which the discretion became important.   As we cannot see what harm could come from calling the defendant his own or the plaintiffs' witness, the exception is overruled.

V. The evidence in defence consisted in—

1. A mortgage made by Ferrall to Rand & Barbee on October 15th, 1880, covering the same crops on which $25 was advanced after October 17th, 1881, the mortgage being for advances to the amount of $400 to be made.

2. A mortgage on same crops made by Ferrall and Mills to himself, registered on March 24th, 1881, to secure advances to the amount of $100.

3. The proceedings before the justice of the peace to enforce the lien under the last mortgage, a judgment rendered for

that sum,t he seizure of the crops under process, its sale, and the payment on November 22, 1881, of $100 to the defendant in satisfaction of his claim.

4. Proceedings in a justice's court instituted by one Taylor Ellis, to enforce a laborer's lien on said crops on October 17, 1881, under a contract made on the day of renting, previous in time to the plaintiffs' lien, to satisfy which only part of the crops was required, and this debt was paid out of other moneys than that received by the defendant..

The defendant further offered testimony to show that at the trial of the defendant's action under his mortgage, judgment was consented to by Pennina Mills, and that the plaintiffs were then present and preferred their present. claim, which was disallowed. There was other evidence tending to show that the land was rented by Ferrall, and the crop grown thereon was raised by him, and some evidence .tending to prove the renting to other persons than Ferrall, to-wit, the said Pennina Mills.

The defendant asked the Court, among other things, to charge:

"1. That if the jury believed from .the evidence that Pennina Mills rented the land, or that her son rented it for her, the plaintiffs cannot recover .for the $100 received under the judgment of the justice of the peace. .This instruction the Court gave.

"2. That if the jury believed the evidence, the plaintiffs are not entitled to recover. This instruction was not given by the Court.

"3. That if the $100 was received from the justice of the peace, the defendant did not wrongfully receive it, and as no express contract with plaintiff was proved, the defendant is entitled to a verdict. This was not given by the Court.

"4. That it being in proof that the mortgage to Rand & Barbee Bros. upon the same crop was for $400, and there being no proof that the same was paid, the plaintiffs are not.

entitled to recover. This was refused, there being evidence tending to show the contrary.

"5. That if the jury believe that the plaintiffs were present before the justice in 1884, and presented their lien for his consideration, and the justice considered their claim and decided against them, and the plaintiffs did not at the time further prosecute their demand, the plaintiffs cannot recover in this action. This was given by the Court.

"6. That if they believed from the evidence that Pennina Mills was the landlady of E. Ferrell, and executed the mortgage to H. C. Olive, the plaintiffs cannot recover. This was given by the Court."

Of the six requested instructions, those numbered 1, 5 and 6 were given, and those numbered 2, 3 and 4 were refused, and the last three, reversing their order, we proceed to consider.

(4). There was evidence tending to show that the mortgage to Rand & Barbee was satisfied, and the fund received by the defendant was not required therefor. The defendant showed by a witness that $25 was advanced by these mortgagees after October 17th, 1881, and by his own testimony, that he had received besides the $100 under his judgment, also $25 more from Rand & Barbee, the overplus, "after payment of the sum due under their mortgage." So this precedent lien was put out of the way.

(3 and 2). These embody in substance but a single proposition, and that is, that the money sued for was paid over to the defendant by the order of the justice, and this repels any implied promise to warrant the present action, which, unless there be a contract, is a tort not within his cognizance.

Now it is a well settled principle of law, that when the personal property of another is tortiously taken and sold, the owner may waive the wrong, and affirming the sale, recover the moneys received therefor as received to his use. *Wall* v. *Williams*, 91 N. C., 477, and cases therein cited; *Jones* v.

*Baird,* 7 Jones 152. The defendant, not controverting the rule in the case of *tort-feazors* seizing and selling the goods of the owner and receiving the price, insists that it does not extend to a seizure and sale by an officer acting under process of a Court competent to issue it, and where money has been paid over to a party claiming it. We shall not undertake to say that the action would lie directly against the officer, when the money has passed out of his hands, for money received to the plaintiff's use under an implied contract, but we think it can be maintained against the party who invokes the agency of the Court and its officers in doing the wrong to the true owner, and who receives the proceeds of the sale. The officer is but his instrument, and he cannot exempt himself from a rule applicable to other wrong-doers who act without judicial aid. We are unable to distinguish this case from the case of others who take, and by sale convert property not belonging to them, to their own use. In both cases, the owner has an election to sue for the trespass, or waiving it and ratifying the sale, to demand and recover the moneys paid him by the vendee, in law to his use.

It must be declared that there is no error, and the judgment is affirmed.

No error.                                   Affirmed.