J. E. SUTTON, Adm'r *v.* J. D. WALTERS, et al.

*The Code, Secs.* 590, 957—*Issues—Discharge of Surety by Indulging Principal—Judgment non Obstante Veredicto —Recalling Witness—Objection That There Is no Evidence or Insufficient Evidence—What Objections May be Made Originally in the Supreme Court.*

1. The interest in the result of the action which disqualifies a witness under Sec. 590 of *The Code* must be a legal and not a mere sentimental interest.
2. Permitting a witness to be recalled rests within the discretion of the judge.
3. The objection that there is not sufficient evidence to warrant the submission of the case, or an issue in the case, to the jury, must be made before verdict, in order that the defect may be supplied, if possible ; as the object of *The Code* practice is to have cases tried on their merits and to prevent the loss of rights through mere inadvertence.

SUTTON *v.* WALTERS.

4. A *venire de novo* will not be ordered because a material element is lacking in the issues submitted, if it appear that no objection was made to the issues in the lower court, and it also appears that the judge charged that the jury must be satisfied from the evidence that the matter omitted from the issues was established before they could answer the issue in the affirmative.

5. The proper issues to submit, and instructions to be given the jury, where indulgence of the principal by the creditor is relied on as a defense by a surety, pointed out.

6. Judgment *non obstante veredicto* is only proper where the plea confesses a cause of action and sets up insufficient matter in avoidance. A motion for such judgment will not be considered by the Supreme Court if made for the first time in that Court.

7. No points can be taken for the first time in the Supreme Court except : (1.) Errors apparent upon the face of the record : (2.) That the complaint does not state facts sufficient to constitute a cause of action : (3.) Want of jurisdiction of the subject-matter.

8. Upon the objection being taken that a judgment is erroneous upon the face of the record proper, the Court will construe the judgment with reference to the pleadings, evidence and charge, and not with regard to the issues alone.

This is an ACTION FOR DEBT by the plaintiff, Junius E. Sutton, administrator of Thomas Sutton, deceased, against John D. Walters, Alex. Sutton and Shade Wooten & Company, tried before his Honor, *Judge A. W. Graham,* and a jury, at the Special Term of the Superior Court for LENOIR County, held in January, 1896.

The plaintiff declared on a note under seal executed by the defendants, John D. Walters and Alex. Sutton, to the defendants, Shade Wooten & Co., and indorsed, in blank, by Shade Wooten & Co. to plaintiff's intestate, Thomas Sutton. Said note is in the following words and figures:

SUTTON *v.* WALTERS.

$500.00.            LaGRANGE, N. C., April 13, 1892.

Eight months after date, I promise to pay to the order of Shade Wooten & Co. five hundred dollars at 8 per cent. interest from date at their office. Value received.

(Signed)            JOHN D. WALTERS. [Seal]
                    ALEX. SUTTON.      [Seal]

On the back of this note was endorsed " Shade Wooten & Co."—without date. There were also on the note the following endorsed payments, admitted by the defendant, John D. Walters, to be in his own handwriting:

" Paid on the within note twenty-six and 65-100 dollars. December 13, 1892.

" Received on the within note $40 interest up to January 1, 1894." No date.

*The defendant, John D. Walters, made no defense to the action.* The defendant, Alex. Sutton, in his answer to plaintiff's complaint, alleged that defendant Walters executed said note as principal, and he executed it as surety, and on information and belief at the time said note was endorsed by Shade Wooten & Co. to the plaintiff's intestate, Thomas Sutton, said Sutton had notice of such suretyship. And, also, on information and belief, further alleged that plaintiff's intestate, Thomas Sutton, agreed with defendant, Jno. D. Walters, for a valuable consideration, to extend the time of the payment of said note beyond the date of its maturity without the knowledge or consent of said Alex. Sutton.

The defendants, Shade Wooten & Co., in their answer, after admitting their endorsement of said note to Thomas Sutton, the plaintiff's intestate, allege an agreement between Jno. D. Walters and Thomas Sutton to extend the time of payment of said note, and that said defendant Walters paid said Thomas Sutton several sums of money

118—32

for that purpose : and that said defendants, Shade Wooten & Co., had given said Thomas Sutton notice to collect said note when it fell due.

The plaintiff offered said note in evidence and stopped.

The defendant, Alex. Sutton, put on as a witness the defendant, John D. Walters, who said : " I am the principal to the note; Alex. Sutton is surety. Shade Wooten & Co. knew Alex. Sutton was surety."

The witness was then asked : " Did Thomas Sutton, dec'd, know it ? " (*Objected to by plaintiff. Objection overruled and plaintiff excepted.*)

Witness answered : " Yes, he knew it before he got the note. Mr. Sutton lived a year or two afterwards." (*Objection: overruled. Exception.*)

" Did he extend the time of payment of note ? " " Yes." (*Objection overruled. Exception by plaintiff.*)

" I put the credits on the note after its maturity. The last credit was not dated; was made after maturity and after the first endorsement." (*Objection: overruled. Exception by plaintiff.*)

" What was your financial condition at the time of the maturity of the note ? " " I was solvent and principal; was solvent at the time of the credit. Am insolvent now." (*Question and answer objected to; overruled. Exception by plaintiff.*)

John D. Walters was recalled and stated : " There was an agreement between me and Thomas Sutton, dec'd, that he would extend the time, when each payment was made. My recollection is the last payment was made a little in advance. The credit is not dated. There was no contract except the agreement to extend the payment. I owed him no other debt. I think the interest was paid in November." All the evidence of this witness was objected to at the proper time. (*Objection overruled, and plaintiff excepted.*)

Here the defendants closed their case.

The plaintiff announced that he had no further evidence. The plaintiff then made the point that the whole of the defendants' evidence failed to show a valid contract in that they had failed to show any time of forbearance on the part of the plaintiff.

His Honor then, under protest of the plaintiff, permitted the defendants to again recall the defendant, John. D. Walters, who said : " He (Sutton) agreed to extend the time till next fall." On cross-examination witness said : " He agreed to extend the time one yesr each time." (*Objection by the plaintiff overruled. Plaintiff excepted.*)

The issues submitted appear in the opinion of the Court. There was a verdict and judgment in favor of the defendants Alexander Sutton and Shade Wooten & Co.

Plaintiff Appealed.

*Mr. R. O. Burton,* for plaintiff (appellant).
*Mr. George Rountree,* for defendant.

CLARK, J. : The exceptions based upon the incompetency of John D. Walters as a witness under Section 590 of *The Code* are without merit. That Section was analyzed and discussed in *Bunn* v. *Todd,* 107 N. C., 266, which has been since cited several times with approval. By reference to that decision, and indeed to the very words of the statute, it will be seen that though the witness, John D. Walters, is a party to this action and is testifying as to a personal transaction between himself and the intestate of the plaintiff, this disqualifies him only to testify " in behalf of himself or a person succeeding to his title or interest." In the present case he is not testifying in behalf of himself, for he does not contest the judgment against himself, and his interest cannot be affected in any way by this testimony, nor is his testimony " in behalf of any one succeed-

ing to his title or interest." Whether his co-defendant, who was merely his surety on the bond, had been discharged by an extension of time to himself as the principal debtor was a matter which in nowise affected the interest or liability of the witness. Judgment was admitted by him in favor of the plaintiff, and that liability could not be increased or affected should judgment also go against the surety, nor did the surety in any sense "succeed to his title or interest." Whether or not there was any sentimental consideration moving the principal debtor to wish to absolve his surety from liability was a matter for the jury, like all other questions of bias affecting the credit of a witness, but there was no legal cause rendering him an incompetent witness.

The permission of the court to recall a witness after the evidence closed was a matter of discretion in the judge. *Olive* v. *Olive*, 95 N. C., 485; *Pain* v. *Pain*, 80 N. C., 322; *State* v. *King*, 84 N. C., 737. It is for this very reason that additional evidence should be called, if obtainable—that an exception that there is not sufficient evidence to go to the jury must always be made before verdict in order that the defect can be supplied if possible, since the object of the reformed procedure is that cases shall be tried on their merits and parties not lose their rights by a mere inadvertence. This has been repeatedly decided. *State* v. *Kiger*, 115 N. C., 746, and numerous cases cited in Supplement to Clark's Code, p. 89.

His Honor submitted to the jury the following issues: 1. "Did Alexander Sutton sign the note to Thomas Sutton as surety?" Ans., "Yes." 2. "Did Thomas Sutton agree to extend the time of the payment of the note without the knowledge or consent of Alexander Sutton and Shade Wooten?" Ans., "Yes."

The issues should have embraced the further query

whether such suretyship was known to the plaintiff when he gave the extension of time, but the defendant neither tendered such issue nor excepted to the failure to do so. Had the defendant done so, the court would have had an opportunity to correct what was doubtless an inadvertence with both parties as well as the court, since from the evidence and the charge it is clear that all parties understood that this question was embraced in the second issue, and indeed the fact that the suretyship was known to the plaintiff was alleged in the answer, and was in evidence for defendant and was not contradicted by any evidence for the plaintiff. Had the other issue been submitted upon the evidence, if believed the jury must have found it for the defendant. The case has gone off upon the very issues of fact and questions of law in actual dispute between the two parties.

The judge's charge, which was as follows, drew the attention of the jury to this matter of the knowledge of the suretyship by the plaintiff even if there had been any conflict of evidence as to the fact. His Honor in charging the jury among other things said : "If you find that Thomas Sutton received interest on the note from John D. Walters before it was due, and that in consideration of the payment of interest in advance by Walters the said Sutton agreed to extend the time of payment without the knowledge or consent of Alexander Sutton and Shade Wooten & Co., and if you find from the evidence that Thomas Sutton, knowing that Alexander Sutton was surety, agreed with Walters to forbear and extend the time of payment, in consideration that Walters would pay the interest on the note before due and in advance, and if the interest was paid as agreed, and said agreement being made without the assent of Alexander Sutton and Shade Wooten & Co., then the said Sutton and Wooten & Co.

would be exonerated from all liability, either as sureties or endorsers, by reason of such extension of time." The charge is correct. *Chemical Co.* v. *Pegram*, 112 N. C., 614 ; *Forbes* v. *Sheppard*, 98 N. C., 111 ; *Randolph* v. *Fleming*, 59 Ga., 776 ; Brandt on Suretyship, Sec. 352. Nor can the motion for judgment, *non obstante veredicto*, be allowed here, for it was not made below, and no exception therefore taken from its refusal. No points can be taken here (other than errors upon the face of the record proper) which do not appear by exception below, except that the complaint does not state a cause of action, and that the court did not have jurisdiction of the subject matter, (Rule 27,) and numerous cases cited in Clark's Code, (2nd. Ed.,) pp. 380, 382, 697, and in the Supplement to same, pp. 64 and 103. Besides, the motion for judgment *non obstante verdicto*, had it been made below, should not have been allowed, as it is only granted where the plea confesses a cause of action, and the matter relied on in avoidance is insufficient. *Walker* v. *Scott*, 106 N. C., 57. Here, the answer is explicit and avers the knowledge of the suretyship on the part of the plaintiff when the forbearance was given. A defect in a judgment is, it is true, an error in the record proper, and may be taken advantage of upon inspection of the record, but such judgment must be construed in reference to the pleadings, evidence and charge, and not with regard to the issues solely ; and, so construed, there appears no error.

No Error.