## In re Will of ANDREW ABEE.

(Filed 11 December, 1907).

**1. Evidence—Witnesses Recalled—Discretion—Order—Questions of Law.**

The matter of recalling witnesses for further examination is in the discretion of the trial Judge and not open to review; and, when it appears by the order made that he refused to allow a witness to be recalled as a matter of discretion, the appellant cannot be heard to contend that he refused as a matter of law.

**2. Wills—Validity—Undue Influence—Evidence—Record.**

In order to avoid a will upon the ground of undue influence, the influence complained of must be controlling and partake to some extent of the nature of fraud, so as to induce the testator to make a will which he would not otherwise have made. And, where the case on appeal does not disclose evidence tending to show undue influence, the judgment establishing the validity of the will must be affirmed.

ISSUE *devisavit vel non,* tried before *Guion, J.,* and a jury, at June Term, 1907, of the Superior Court of BURKE County.

Verdict and judgment for propounders, and appeal by *caveators,* who assigned for error:

1st. That his Honor declined to allow the *caveators* to recall a witness, one Mr. Reece, to testify on a matter as to which he had been already examined.

2d. That the Judge held that there was no evidence tending to establish undue influence.

*J. T. Perkins, Avery & Avery* and *S. J. Ervin.* for propounders.

*Self & Whitener, J. F. Spainhour* and *W. C. Newland* for caveators.

HOKE, J.   The court below refused to allow the *caveators* to recall for further examination the witness W. B. Reece, as to a conversation had between the witness and the testator, in reference to which, as stated in the case on appeal, "he had

testified and, having been recalled, had again testified." Our decisions are to the effect that this matter of recalling witnesses for further examination is in the discretion of the Judge presiding at the trial, and his action in this respect is not open to review. *Sutton v. Walters,* 118 N. C., 495; *Olive v. Olive,* 95 N. C., 485.

It is contended by appellants that the Judge below did not make this ruling in the exercise of his discretion, but on the ground that he had no power to allow appellants to recall the witness, but we do not so interpret the order made. The court held that, on the facts stated, the right to recall a witness did not exist as a matter of law, and, in the exercise of its discretion, declined to permit that this should be done. The authorities cited, therefore, are decisive against appellants' position.

It was further urged for error that his Honor held that there was no evidence tending to show undue influence. It is established with us that, in order to avoid a will on this ground, the influence complained of must be controlling and partake to some extent of the nature of fraud. *Marshall v. Flinn,* 49 N. C., 199; *Wright v. Howe,* 52 N. C., 412; *Paine v. Roberts,* 82 N. C., 451.

As held in *Wright v. Howe, supra,* "The influence which destroys the validity of a will is a fraudulent influence, controlling the mind of the testator so as to induce him to make a will which he would not otherwise have made." It would serve no good purpose to go into any extended or detailed statement of the testimony. We have carefully read and considered it as given in the case on appeal, and we fully concur with the trial Judge that there is no evidence tending to show undue influence, and are of opinion that the judgment establishing the validity of the will should be affirmed.

No Error.