IN RE WILL OF J. M. FOWLER.

(Filed 18 October, 1911.)

**Wills—Executors—Declarations—Distributees—Several and Independent Interests—Evidence.**

> The interests of the executor and distributees under a will are several, distinct, and independent, and in an action to set aside the will for fraud and undue influence, his declarations, made against the validity of the instrument, whether before or after the will has been probated or he has qualified thereunder, are incompetent except in so far as they may affect his qualification as executor.

APPEAL by propounders of a will from *Whedbee, J.,* at February Term, 1911, of HARNETT.

*E. F. Young and R. L. Godwin for appellee.*
*Douglass, Lyon & Douglass and J. C. Clifford for appellants.*

WALKER, J. The question in this case can be briefly stated, and while it is almost of first impression in this State, its novelty is not of that kind which awakens our surprise, rather than challenges our most respectful and careful consideration. Is the declaration of an executor, either before or after the will is probated and he has qualified, that he unduly influenced and compelled the testator to make the will, competent as evidence against the legatees and devisees for the purpose of invalidating the will? That is the point in the case. The question presented is thus stated in the brief of the propounder's counsel:

"1. The court erred in admitting the declarations of J. P. Jackson (who was named as executor in the will), after the death of the testator, to the effect that he forced the testator to change his will and make it as he wanted it. 2. The court admitted evidence of the declarations of the said J. P. Jackson, which were made prior to the execution of the will, to the effect that he was going to have the said testator change his will, so that it would be like he (the said Jackson) wanted it to be. 3. The court erred in admitting as evidence alleged declarations of the testator, that the said J. P. Jackson (at some time not named) had threatened to turn him out of his home."

We are unable to see how the rejected evidence can be competent. There are decisions, in other courts, which seemingly give some color to the contention of the caveators, but when they are examined and considered with reference to their special facts, if they can be said to conflict with our views, the reasons given in favor of this kind of evidence are more apparent than real. In a certain, and sometimes in a qualified sense, an executor may be considered as standing in the place of the testator and his creditors, and he may also be said to represent the devisees and legatees, in some respects; but for the purpose of destroying or even impairing their interest in the estate, the ordinary rule applies, that they are not bound by what he says or does. He then occupies a position of antagonism to them, and his declarations should be no more binding upon them than if he had been an entire stranger. Where a man declares against his own interest, the law admits the declaration as against him, because "self-interest induces men to be cautious in saying anything against themselves, but free to speak in their own favor. We can safely trust a man when he speaks against himself, and the law, in this instance, substitutes for the sanction of a judicial oath the more powerful one arising out of the sacrifice of a man's own interests. This natural disposition to speak in favor of rather than against interest is so strong that when one has declared anything to his own prejudice, his statement is so stamped with the image and superscription of truth that it is accepted by the law as proof of the correctness and accuracy of what was said, and the fact that it was against interest is taken as a full guaranty of its truthfulness in place, not only of an oath, but of cross-examination as well, they being the usual tests of credibility." *Smith v. Moore,* 142 N. C., 277. The law must take account of the strength (or frailty, as some may think) of human nature, and decide that "he that sweareth to his own hurt and changeth not" is worthy of trust and confidence, and that, because it is against himself, what he says is entitled to our belief, self-interest and the motive not to swear falsely to his own injury supplying the ordinary tests of the law, by which the reliability

of human testimony is assured—the oath and cross-examination and, we add, the demeanor of the witness on the stand. *Ivat v. Finch,* 1 Taunton, 141; *Lyon v. Ricker,* 141 N. Y., 225; *Bowen v. Chase,* 98 U. S., 254; and the leading case of *Higham v. Ridgeway,* 10 East, 109 (3 Smith's Lead. Cases, 9 Am. Ed., 1). But the declaration must be against interest and should be free from suspicion.

The executor in this case had no joint interest with the legatees or devisees, his interest consisting solely in his right to manage the estate and to receive the emoluments, that is, the commissions arising therefrom. In all other respects his interest was entirely distinct and separate from that of the legatees, and there is, therefore, no valid reason why he should be permitted to speak for them or to bind their interests by what he may have declared. It seems that he had influence over the testator—a very potent one—and his declarations, if competent, are sufficient to warrant a finding by the jury of undue influence, as he had the power to subdue the will of the testator to his own; but the vital question is, Does the law authorize him to speak for and conclude those who have no' joint interest with him? We think not, and the best considered authorities we believe to be against the competency of such evidence. It is undoubtedly true that the declaration of the executor would be competent against him to show that he is unworthy of the trust reposed in him and, therefore, should be removed from his office and deprived of its emoluments; but to permit him to prejudice the rights of others acquired independently of his, and several in their nature, might open the door to fraud, and would shock our sense of justice and right, and this Court has virtually held that such declarations are not admissible to invalidate a will where the interests of the declarant and the beneficiaries under the will are not joint and there is no relation of privity between them. The Court says in *Linebarger v. Linebarger,* 143 N. C., 229, quoting from *Shailer v. Bumstead,* 99 Mass., 112, that, "admitting, for the present, that any interest in a will obtained by undue influence cannot be held by third persons, however innocent of the fraud of the person procur-

*In re* FOWLER.

ing it, still it by no means follows that the interest of the other innocent legatees should be liable to be divested by the subsequent statements of the parties procuring the will. Such a rule would violate all sense of right, and is not sustained by the decisions. The admissions of a legatee made prior to the date of the execution of the will are rejected for the reason that, if made before he becomes a legatee, they are not declarations against his interest," citing 1 Underhill on Wills, 163. The very question was raised in *Shailer v. Bumstead, supra,* and the Court held the declarations of the executors, Hayden and Shailer, to be incompetent for unanswerable reasons stated by *Judge Colt* in the opinion, which need not be repeated here. It was said by him that such declarations stand upon the same ground as those made by a legatee, which are surely not admissible against any other innocent legatee or devisee, thereby making our case of *Linebarger v. Linebarger, supra,* a direct authority against the ruling of the lower court in this case by which the declarations were admitted. The case of *In re Will of Mary Ames,* 51 Iowa, 596, is an interesting and instructive one, and, besides, very comprehensive in the scope of the decision actually made, as it embraced both classes of declarations, those of a legatee as well as those of the executor, and they were held to be incompetent, the Court saying: "The general rule of law consonant with reason is that one person is not to be prejudiced by the unauthorized declarations of another. The exceptions to this rule are found in those cases where there is a joint interest or privity of design between several. In such cases each is presumed to speak for the whole; but where there is neither joint interest nor combination, when each claims independently of the other, though under a common instrument, the words of one no more than his acts can bind the other. The interests of these devisees and legatees, under the will, are several and not joint, and hence the three who would impeach it were bound, on principle, to produce evidence that was competent against all the rest. The evidence was not competent as to the three daughters named as legatees, and, therefore, was properly rejected. This conclusion is as clear on authority

as on reason." Numerous authorities are cited in support of the ruling by which the declarations were excluded.

Another expression of the Court in that case is very pertinent to this discussion: "The reasoning of the authorities to which we have referred must, we think, work the exclusion of a declaration of an executor who is a legatee and a party to the record, where other legatees may be adversely affected by the declaration. The circumstance of his being executor and a party will not authorize him to manufacture evidence against other devisees, or to affect them by his declaration." In *Blakey v. Blakey,* 33 Ala., 611, it was said: "It is the settled law of this Court that the declarations and acts of a proponent, who is not the sole legatee, are not admissible in evidence to defeat the probate of the will." Underhill in his work on Wills (1 vol., sec. 163) thus states the result, after an examination of the authorities: "Upon the question whether a declaration of a legatee made after the execution of a will is admissible to show that it was procured by undue influence, there is a conflict of authority. The majority of the cases reject such evidence, reasoning, on general principles, that no one should be concluded by the unauthorized statements of others with whom he is in no way associated or identified in interest. The admission of a legatee is evidence against the will where he is the sole beneficiary under it. But the interests of legatees under a will are several, not joint. Each claims independently of the others, and his interests should not be affected by the acts or declarations of the other legatees. The same reasoning will be applicable to bring about the rejection of the declarations of an executor offered for the purpose of showing undue influence. No privity of interest or community of purpose exists between him and any legatee which will admit his declarations to impeach the will whence the legatee derives a benefit." The cases holding such declarations to be competent are not well sustained by the reasons given, and some of them may be explained by restricting the evidence to the declarant himself, or upon the ground that he and the other parties, legatees or devisees, had what was considered to be a joint interest, or had conspired to defeat the will.

Our conclusion is that the court erred in admitting the declarations of J. P. Jackson, the executor, and for this error a new trial is ordered.

New trial.