# Singleton v. The State.

### *Indictment for Murder.*

1. *Conspirators; liability of each for acts of others; charge to the jury.* Where the defendant is jointly indicted with others for murder, and on the trial there was evidence tending to show a conspiracy and that at the time of the killing the deceased was thrown down and held by the defendant, and while in that position was shot and killed by one of his co-conspirators, a charge which instructs the jury that, if they are satisfied beyond a reasonable doubt that the defendant entertained an intent, or knew that the one who fired the pistol entertained an intent, to kill the deceased, and with such intent or knowledge the defendant "was present, encouraging, aiding or abetting," the person who fired the fatal shot, or was ready to do so, then the defendant "was an accomplice and would be alike guilty with him who fired the shots," asserts a correct proposition of law and is free from error.

2. *Argumentative charges.*—The giving of argumentative charges is not favored by this court; but if such charges assert legal propositions, the trial court has discretion to give or refuse them which will not be reviewed on appeal.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.

The appellant, Trance Singleton, was jointly indicted with Coleman Scott and Bill Williams for the murder of one Meredith Sledge, was tried separately and convicted of murder in the second degree, and sentenced to the penitentiary for 15 years.

The evidence in behalf of the State tended to show that the defendant, Singleton, the said Bill Williams and Coleman Scott were seen running after the deceased, Meredith Sledge and his brother, John Sledge; that the

said Williams having a double barrelled shot gun, cursed the Sledges, commanded them to stop; that after stopping, Meredith Sledge advanced on Williams and the defendant with a pistol, and made Williams put the gun down, which was picked up by the deceased; that thereupon the defendant seized deceased, threw him down and held him, and while in this position Coleman Scott shot at the deceased with a pistol, one shot striking him and killing him.

The only questions presented on this appeal, arise upon the court's giving each of the following charges requested by the State, to the giving of each of which the defendant separately excepted : (1.) "If from the conduct of the parties here charged with murder, as shown in the testimony and from the other testimony in the case, the jury are satisfied beyond a reasonable doubt that the defendant Singleton entertained the intent, or knew that the one who fired the pistol entertained the intent thereby to kill and murder Sledge, when Coleman Scott fired the pistol, if he did fire it, and with such intent or knowledge, said defendant Singleton was present encouraging, aiding or abetting Scott, or ready to do so, then said Singleton was an accomplice, and would be alike guilty with him who fired the shot." (2.) "There need not be shown in express words an agreement between Singleton, Scott and Williams to pursue Sledge and take the money from him by force, but if the circumstances satisfy the jury beyond a reasonable doubt that all of them knowing the purpose of said pursuit joined therein, and continued therein until the life of Sledge was taken, then they are authorized to infer that there was such understanding between the parties." (3.) "If the jury believe from the evidence beyond a reasonable doubt that the defendant remained at a convenient distance in order to favor the other defendant's escape, if necessary, or was in such a situation as to be able readily to come to their assistance, the knowledge of which was calculated to give additional confidence to the other defendants, he was aiding and abetting." (4.) "If the jury believe from the evidence beyond a reasonable doubt that the defendant was present for the purpose of such actual assistance as the circumstances might demand and the principal was encouraged to take the life of the deceased by the presence of the defendant,

[Singleton v. The State.]

then the defendant aided and abetted in the killing of the deceased.'' (5.) "The assistance given, however, need not contribute to the criminal result in the sense that but for it the result would not have ensued. It is quite sufficient if it facilitated a result that would have transpired without it. It is quite enough if the aid merely rendered it easier for the principal actor to accomplish the end intended by him and the aider and abettor, though in all human probability the end would have been attained without it. If the aid in homicide can be shown to have put the deceased at a disadvantage, to have deprived him of a single chance of life, which but for it he would have had, he who furnishes such aid is guilty though it can not be known or shown that the dead man, in the absence thereof, would have availed himself of that chance.''

JOHN G. FINLEY and JOHN G. WINTER, for appellant. Charge number one, given at the request of solicitor, was faulty in that it ignored the right of Coleman Scott to fire the pistol under any circumstance. The jury might have believed that the conditions surrounding Coleman Scott might have been such, under the evidence, as would have justified him in shooting the deceased. This position is fully sustained by the case of *Tanner v. State*, 92 Ala. 1; *Martin v. State*, 89 Ala. 115; *Jolly v. State*, 94 Ala. 19; *Turner v. State*, 97 Ala. 57; *Jordan v. State*, 79 Ala. 9.

WILLIAM C. FITTS, Attorney-General, for the State.— The only question raised by the record is the accuracy of the propositions contained in the several charges given in behalf of the State. Each and all of these charges relate to the doctrine of conspiracy and each assert, correct principles in that regard.— *Williams v. State*, 81 Ala. 51; *Turner v. State*, 97 Ala. 57; *Tanner v. State*, 92 Ala. 1; *Martin v. State*, 89 Ala. 115; *Jolly v. State*, 94 Ala. 19-

BRICKELL, C. J.—Instructions to a jury should be clear and precise, free from involvement, obscurity or ambiguity, and from all tendency to mislead or confuse. They should express clear and distinct legal principles or propositions applicable to the evidence, and ought

·not to assume the form, or be made to perform the office of arguments to the jury. In `criminal cases especially, the trial courts should observe these well settled rules; the orderly administration of justice, and the constitutional guaranty to the accused of a fair and impartial trial demand it. The first instruction given on the request of the State is not subject to objection; it states with clearness and precision, a proposition of. law applicable to the evidence. The remaining instructions are objectionable, and could have been properly refused by the trial court. They embody correct legal propositions or principles drawn from decisions of this court, but they are in form and substance mere arguments addressed to the jury. While without error the court below could have refused these instructions, it has long been the settled practice of this court, not to reverse judgments in civil or criminal cases because of the giving or refusal of such instructions. If injury from them was apprehended, the party complaining had the opportunity, and it was a duty, to request additional or explanatory instructions, curing or removing whatever of injury was apprehended. The instructions are in accord with the principles announced in *Tanner v. State,* 92 Ala. 1; *Jolly v. State,* 94 Ala. 19; *Turner v. State,* 97 Ala. 57; and upon the authority of these cases the judgment must be affirmed.

