EMMA F. WHITCOMB, executrix, *vs.* FRANK I. WHITCOMB.

Middlesex. January 20, 1910. — February 25, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Undue Influence. Fraud. Will. Practice, Civil,* Exceptions. *Probate Court.*

Undue influence sufficient to invalidate a will may be exerted upon the testator either by fraudulent means or devices or by physical or moral coercion practised upon him without any actual deception.

Where an exception was taken by the contestant of a will to an instruction given

to the jury by the justice who presided at the trial of issues framed for the jury upon a probate appeal, on the ground that the instruction amounted to a statement "that undue influence must savor of fraud," and the bill of exceptions *merely states that* "there was evidence tending to show that the execution of the will was procured through the fraud or undue influence of" a certain person, and there is no further description of the evidence, the excepting party has not shown that he was aggrieved by the instruction, whether as an abstract proposition it was correct or not, because all the evidence may have related to undue influence exerted by fraudulent devices, in which case the instruction would be exactly appropriate as applied to the facts in evidence.

Undue influence sufficient to invalidate a will, even when it does not involve active deception or fraud and consists merely of a dominating and controlling influence exerted over the mind and will of the testator by means of excessive importunity or the mastery which one mind may sometimes gain over a weaker one, is a fraud upon the testator in causing him to make a disposition of his property different from that which he would have made voluntarily, and also is a fraud upon his heirs or those whom he otherwise would have made the subjects of his bounty, and in this sense, when speaking of undue influence which paralyzes the will of a testator and substitutes for his will the will of the person who exercises the influence, it is correct to say that an influence to be undue must partake of the nature of fraud.

APPEAL, filed in the Supreme Judicial Court on May 5, 1908, from a decree of the Probate Court for the county of Middlesex allowing the will and codicil of Irvine A. Whitcomb, late of Somerville.

The case was tried before *Loring,* J. Four issues were framed to be submitted to the jury. The first and third issues related to the soundness of mind of the testator at the times of the execution of the will and the codicil.

The second issue was as follows: "Was the execution of said instrument [the will] procured through the fraud or undue influence of Emma F. Whitcomb?" The fourth issue was as follows: "Was the execution of said codicil procured through the fraud or undue influence of Emma F. Whitcomb?"

Emma F. Whitcomb, who was named in the will as executrix, was the second wife of the testator. The appeal was taken by Frank I. Whitcomb, a son of the testator by his first wife.

In submitting the issues to the jury the charge of the justice contained the following instructions in regard to undue influence:

"Now, when the contestant says that this will was procured by the fraud and undue influence of Mrs. Whitcomb he has put forward an affirmative proposition, and it is for him to make it out.

" Now, what is meant by this issue? I am going to read this in terms as I did the other. 'Was the instrument procured through the fraud or undue influence of Emma F. Whitcomb?' Emma F. Whitcomb, of course, is Mrs. Whitcomb. Fraud or undue influence is the allegation which is contained there. If a wife should ask her husband to leave her some property in his will that would be influence, but it would be proper influence. It is not influence of that kind which is meant when an affirmative defense is set up that a will is procured by fraud or undue influence. Undue influence is influence which paralyzes the will of the testator and substitutes for his will the will of the person who exercises the influence. It is that kind of influence which is undue influence. It is coupled in this issue with the word 'fraud.' 'Fraud or undue influence.' It is coupled with the word 'fraud' because it partakes of the nature of fraud. An influence which does not partake of the nature of fraud is not undue influence. An influence which paralyzes the will of the testator, no matter by what means, is undue influence. It is true, as both counsel have said, that you always — I think I may say — have to make out undue influence by circumstantial evidence, — by inference; but the undue influence which you have to make out by inference is something that is in the nature of a fraud; by paralyzing the will of the testator, or substituting the will of the person who exercises the influence and gets him to sign a will which is not his will is in itself in the nature of a fraud. Now, that is what fraud or undue influence means in this issue. To make it out you must be satisfied that the person upon whom the influence was attempted to be exercised was a person who could be influenced. Secondly, that undue influence was in fact exercised, and thirdly, that it was successful so that as a result the paper signed by the testator was the will of the person who exercised the influence and not the will of the testator himself." ·

At the end of the charge the appellant took the following exception: " I desire an exception to that portion of the charge which states that undue influence must savor of fraud and that portion of your charge in connection with that."

To the first and third issues the jury answered " yes," finding that the testator was of sound mind when he executed the will

and the codicil; to the second and fourth issues the jury answered " no." The appellant alleged the above exception.

*E. R. Anderson,* for the appellant.

*F. L. Norton,* (*W. A. Ladd* with him,) for the appellee.

SHELDON, J.    There is no doubt that undue influence may be exerted upon a testator either by fraudulent means or devices or by physical or moral coercion practised upon him without any actual deception.    *Wingrove* v. *Wingrove,* 11 P. D. 81.    *Davis* v. *Calvert,* 5 Gill & J. 269.    *Stewart* v. *Elliott,* 2 Mackey, 307.

But even if we should say that for this reason the charge of the justice went too far as an abstract proposition, we could not sustain these exceptions.    The bill of exceptions merely states as to this question that at the trial " there was evidence tending to show that the execution of the will was procured through the fraud or undue influence of Emma F. Whitcomb."    There is a similar statement as to the execution of the codicil and nothing more.    All of this evidence may have related to undue influence exerted by fraudulent devices, and so the charge of the justice may have been exactly appropriate to the state of the evidence before the jury.    If that be so, no injury could have been done to the contestant.    But it is always incumbent upon the excepting party to show that he was aggrieved or injured by the ruling to which he alleges exception.    *Chandler* v. *Jamaica Pond Aqueduct,* 125 Mass. 544.    *Linton* v. *Allen,* 154 Mass. 432, 440.    *Smith* v. *Jagoe,* 172 Mass. 538.    But we prefer to consider the general question.

In our opinion, the procuring of the execution of a will by means of undue influence is an act which partakes of the nature of a fraud, an act which necessarily imports at least a constructive fraud upon the party upon whom it is practised.    This is of course so if the undue influence is, as will often be the case, gained or exercised through any active deception or fraud, so that the deception is itself an essential element of the undue influence.    But even when this is not the case, when there is merely such a dominating and controlling influence exerted over the mind and will of the testator by means of excessive importunity or of the mastery which one mind may sometimes gain over a weaker one, yet the object which is consciously sought and gained is to lead the testator to make a will which is differ-

ent from the one he otherwise would have made, which is not the expression of his own desires, but which is dictated to him and imposed upon him by the person who thus influences him, which, as was said of the will of King Edward the Sixth of England, may be his testament, but is the will of the person who has thus dominated his mind and controlled his actions. All that is done in such a case, although no deception may have been practised upon the testator, although he is rather the victim of force than of fraud strictly so called, is done for the sake of palming off as his last will that which is not really such. It is a fraudulent purpose that is aimed at; and the guilty purpose stamps with its own character all the means which are employed for its attainment. This is none the less a fraud upon the testator, by causing him to make different dispositions of his property from those which otherwise he would have made, that it is also a fraud upon his heirs or those whom he would have made the objects of his bounty, even though the pecuniary loss may fall wholly upon the latter.

This court has already taken the view which we have stated. In *Phillips* v. *Chase*, 203 Mass. 556, the undue influence by which the respondent had induced his wife to address her petition to the Probate Court was merely a moral coercion exerted over her. There was neither allegation nor evidence that any deception had been practised upon her to lead her to do as she did. She was simply forced to act against her will. It was held (p. 560) that this was like the case of undue influence practised upon a testator, and (p. 563) that the act of so dominating his wife's will as to force her against her will to bring the petition was " a gross fraud upon his wife " as well as a fraud upon the court to which the petition was presented as her voluntary act. That case is decisive of the principle here stated. So it was said by Hoar, J., in *Baldwin* v. *Parker*, 99 Mass. 79, 84 : " The objection to a will that it was obtained by undue influence is not one which it is easy to define with precision. The term seems to include both fraud and coercion."

The weight of authority in other jurisdictions is to the same effect. In many cases it is said that undue influence is a species of fraud, or that it partakes of the nature of fraud. *Barry* v. *Butlin*, 1 Curt. 637, 647. *Mackall* v. *Mackall*, 135 U. S. 167,

172.　*Towson* v. *Moore*, 11 App. D. C. 377, 381.　*Grove* v.
*Spiker*, 72 Md. 300, 301.　*Marshall* v. *Flinn*, 49 N. C. 199.
*Wright* v. *Howe*, 52 N. C. 412.　*Paine* v. *Roberts*, 82 N. C.
451.　*In re Abee*, 146 N. C. 273.　*Smith* v. *Henline*, 174 Ill. 184,
191.　*Will of Slinger*, 72 Wis. 22, 27, quoted approvingly in
*Bryant* v. *Pierce*, 95 Wis. 331, 339.　*Clough v. Clough*, 10 Col.
App. 433, 443.　*Shipman* v. *Furniss*, 69 Ala. 555, 565.　*Eastis*
v. *Montgomery*, 93 Ala. 293.　And see *Shailer* v. *Bumstead*, 99
Mass. 112, 121; *Woodbury* v. *Woodbury*, 141 Mass. 329; *May-
nard* v. *Tyler*, 168 Mass. 107, 114; *Bacon* v. *Bacon*, 181 Mass.
18, 22; *Boyse* v. *Rossborough*, 6 H. L. Cas. 2; *Kinleside* v. *Har-
rison*, 2 Phillim. 449, 451; *Barnes* v. *Barnes*, 66 Maine, 286;
*Marx* v. *McGlynn*, 88 N. Y. 357, 370; *Eckert* v. *Flowry*, 43
Penn. St. 46, 52; *Schofield* v. *Walker*, 58 Mich. 96; *In re Jack-
man*, 26 Wis. 104, 113; *In re Darst's Will*, 34 Ore. 58, 65; *Tur-
ner's Will*, 51 Ore. 1, 8; *Coghill* v. *Kennedy*, 119 Ala. 641;
*Schieffelin* v. *Schieffelin*, 127 Ala. 14; *Mullen* v. *Johnson*, 157
Ala. 262.

Undoubtedly if in any particular case where fraud or undue in-
fluence was alleged there was evidence both of actual deception
or fraud practised upon the testator and of a dominating influ-
ence over his mind and will gained and exercised without resort
to deception or to any underhand devices, it would be necessary
by appropriate instructions to bring the attention of the jury to
the distinction between these two methods of exerting an undue
influence and thus controlling the action of a testator.　But this
does not appear to have been such a case.

*Exceptions overruled.*