# Shirley *v.* Ezell.

### *Will Contest.*

(Decided January 14, 1913.   60 South. 905.)

1. *Will; Testamentary Capacity.*—Where the contest of the will is based on testamentary incapacity, it is immaterial whether the will would have been the same had the testator possessed such capacity.

2. *Same; Undue Influence; Fraud.*—Although undue influence is generally declared to be a species of fraud and fraud is sometimes referred to as a form of undue influence, the two terms are not synonymous; though a victim of deceit, a testator may still act voluntarily, while, as a victim of undue influence the will of another is substitued for his own.

3. *Same; Undue Influence; Instructions.*—Where the issue of undue influence was one of the issues in the will contest, charges asserting that the absence of undue influence or fraud must be shown, was properly refused as misleading.

4. *Same; Burden of Proof.*—While ordinarily proof that contestee or proponent occupied a confidential relation towards the testator, and procured the attendance of the attorney who wrote the will, and of the attesting witness, would put upon proponent the burden of showing absence of undue influence, where it appeared that the attorney was selected by testatrix and at her request, and that the attesting witnesses were notified at the request of that attorney, the burden did not shift.

5. *Same; Witnesses; Mental Capacity.*—Witnesses who attest the will are properly allowed to testify to the mental capacity of the testatrix when the will was made, without showing any other knowledge thereof than such as was afforded by their observation at that time, notwithstanding the general rule that non-experts cannot give their opinion as to one's sanity without showing a personal acquaintance of such duration and intimacy as to permit a trustworthy opinion.

6. *Same; Undue Influence; Burden of Proof.*—The fact that the testatrix was aged when she made the will, and weak in mind and memory, does not of itself put the burden on the proponent or a beneficiary to show that the testatrix's property was fairly and voluntarily disposed of.

7. *Charge of Court; Objections.*—Where some of the parts of a charge correctly stated the law an objection to the charge as a whole is not sustained.

8. *Same; Ignoring Evidence.*—In a contest based on the grounds of undue influence charges stating the basis for a presumption of undue influence which ignore proponent's testimony that he had

summoned the attorney, who prepared the will, at the request of the testatrix, and the attesting witnesses at the request of the attorney, was properly refused as ignoring evidence.

9. *Same; Argumentative.*—A charge asserting that if the testatrix was aged and had a weak mind and memory, though she might be legally competent to make a will, her will ought not to be sustained unless her property was fairly and voluntarily disposed of, was argumentative and properly refused.

APPEAL from Sumter Probate Court.

Heard before Hon. P. B. JARMAN.

Application of J. C. Ezell to probate the will of E. N. Powell. Contest by T. C. Shirley. From a decree admitting the will to probate, contestant appeals. Affirmed.

The oral charge of the court referred to and assigned as error is as follows:

"Gentlemen of the Jury, in this case it is shown that the testatrix, on the 28th day of October, 1909, executed a will disposing of her property. This she had a perfect legal right to do, provided the said will conformed to all the legal requirements. Gentlemen, you have heard the evidence of the two subscribing witnesses, and you are to weigh the same and decide whether or not the will was executed in accordance with the requirements of the law. It is contended in this case that undue influence was exercised over the mind of the testatrix by the plaintiff, and that the will is the result and product of the undue influence exercised over her mind, and not the result of the exercise of her free volition. This is equivalent to an averment that an influence was exercised over the mind of the deceased which destroyed her free agency, and caused her to execute the instrument against her will. You are to weigh this evidence and give it your careful consideration, and decide whether or not such undue influence was, in your judgment, exercised over the testatrix as to make her do what she would not otherwise have done in this dispo-

sition of her estate. Now, gentlemen, we come to that part of this case where it is contended by the defendant that the testatrix was in such a mental condition as to be incompetent, disqualified, and unfit to dispose of her property, as she would have done had she been in proper mental condition. The burden of proof is on the defendant to show testamentary incapacity at the time the will was executed. The fact that testatrix made an unequal distribution of her property raises no presumption as to her insanity; and if she was free from undue influence, and no actual insanity existed, she had a right to make such a disposition of her property as her conscience dictated. If testatrix was of sound mind, she could will and dispose of her property as she saw fit, and to whom she pleased. However, if you believe from the evidence that the will was not duly executed, or that undue influence, such as the law contemplated, was exercised over the testatrix, or that she was mentally incapacitated, you should find for the contestant; but if, on the other hand, after carefully considering the evidence, you believe that the will was legally executed, and that the testatrix was not unduly influenced, and at the time of making the will she was in proper mental condition, it will then be your duty to find for the proponent."

The court then gave the form of verdict.

The second exception noted is to that portion of the oral charge above set out beginning with the words "it is contended in this case that undue influence was exercised" and ending with the words "in the disposition of her estate."

The third exception noted is to that part of the oral charge which begins, "Now, gentlemen, we come to that part of this case where it is contended," and ending with the words "at the time the will was executed."

The following charges were refused to the contestant:

(1) "If the jury believe from the evidence that Mr. Ezell occupied a confidential relation to Mrs. Powell, and that he took an active part in the preparation of the will, or employed the draughtsman, or selected and sent for the witnesses to the will, the burden of proof is on him to show, by the weight of the evidence, that the alleged will was not procured by fraud or undue influence; and if the jury should not be satisfied in their own minds, from the evidence, that no fraud or undue influence was exerted by Mr. Ezell, directly or through the instrumentality of others, upon Mrs. Powell in the procurement of the making of the alleged will, the jury must find that the will is not valid, and render their verdict for the contestant."

(2) "If the jury shall believe from the evidence that a confidential relation existed between Mr. Ezell and Mrs. Powell, and that Mr. Ezell was active in and about the preparation of the will, or that he participated in the preparation of the same, employed the draughtsman, or sent for the attesting witness thereto, then the burden is cast upon Mr. Ezell to show, by a preponderance of the evidence, that the alleged will was not superinduced by fraud or undue influence, but was the result of a free volition of Mrs. Powell."

(3) "If the jury believe from the evidence that a confidential relation existed between Mr. Ezell and Mrs. Powell, and that Mr. Ezell was active in or about the preparation or execution of the will, or the initiation of proceeding for the preparation of the instrument, or participated in such preparation or the employing of the draughtsman or the selection of the witness, then the burden was cast upon Mr. Ezell to show, by a preponderance of the evidence, that the alleged will was not superinduced by fraud or undue influence, but was

the result of a free volition of Mrs. Powell. This rule of law is one of public policy, designed to prevent the abuse of certain confidential relations, and to preserve them from the taint of an overreaching selfishness."

(13) "If the jury believe from the evidence that the deceased, at the time of the execution of the alleged will, was an aged woman, and had a weak mind and memory, although she might not be legally incompetent to make a will, yet the will of such a person ought not to be sustained, unless it appears that such disposition .of property has been fairly made and emanated from a free will, without the interposition of others."

PATTON & PATTON and MCKINLEY, MCQUEEN & HAWKINS, for appellant. Under the facts in this case the burden was on the proponent to show an absence of fraud or undue influence over the testatrix in the execution of the will.—*Waddell v. Lanier*, 62 Ala. 347; *Shipman v. Furniss*, 69 Ala. 555; *Lyons v. Campbell*, 88 Ala. 469; *Bancroft v. Otis*, 91 Ala. 279. The court erred therefore in its oral charge to the jury.—*Burney v. Torrey*, 100 Ala. 157; *Bancroft v. Otis, supra;* 22 L. R. A. (N. S.) 1024; 49 Minn. 451; 9 Am. St. Reps. 95; 21 Am. St. Reps. 85; *Cotton v. Ulmer*, 45 Ala. 378. The court erred in giving charge 5 for proponent and in refusing charge 1 requested by contestant; also in refusing charges 2 and 3.—*Bancroft v. Otis, supra; Burney v. Torrey, supra.* The proponent was entitled to the general charge as requested in writing.—*Eastis v. Montgomery*, 93 Ala. 293; *Knox v. Knox*, 95 Ala. 495; *Estes v. Bridgeport*, 114 Ala. 221 and authorities supra. The court was in error in permitting the attesting witnesses to state the mental condition of the testatrix at the time she executed the will as it is not shown that they came within the rule of qualification for non-experts.—*Domi-*

*nick v. Randolph,* 124 Ala. 558; *Burney v. Torrey,
supra;* 89 Am. St. Reps. 389; 79 Am. St. Reps. 819.

SPROTT & BROCKWAY and J. A. MITCHELL, for appel-
lee. It indisputably appears that the will was properly
executed and attested. Under the facts in this case the
testatrix had a disposing mind and memory in con-
templation of law.—*Burney v. Torrey,* 100 Ala. 166;
*Knox v. Knox,* 95 Ala. 495; *Eastis v. Montgomery,* 95
Ala. 486 s. c., 93 Ala. 296. This being true the burden
was on the contestant to overcome the presumption of
capacity and the burden in this case was never shifted
to the proponent.—*Winston v. Elliott,* 169 Ala. 416
The court properly refused the charges requested by
the contestant.—*Bancroft v. Otis,* 91 Ala. 279 and au-
thorities supra. The attesting witnesses were compe-
tent to state the mental condition of the testatrix at
the time of the execution of the will.—*McCurry v.
Hooper,* 12 Ala. 823.

SOMERVILLE, J.—The appellee propounded for
probate the will of Mrs. E. A. Powell, and the appellant
contested its probate on the several grounds of improper
execution, testamentary incapacity, and undue influ-
ence. Under the evidence adduced and the instructions
of the court, the jury found in favor of the proponent,
and the will was duly admitted to probate.

The testatrix was without lineal descendants, and all
of the beneficiaries named in her will were her nephews
and nieces, except proponent, who was formerly a
nephew by affinity. A number of her relatives of this
class were not named in the will; and the proponent,
with whom she resided during the last nine years of her
life and at the time of making the will, a year or two
before her death, was given substantially one-half of
the estate, and was also made executor of the will.

The questions presented by the appeal relate to the issues of testamentary capacity, and the undue influence exerted, as alleged, by the proponent upon the testatrix.

We discover no error in the oral charge given to the jury, nor in the excerpts therefrom, as presented by the first three assignments. It is not necessary, however, in this connection, to say more than that each of these excerpts contains a correct statement of law applicable to the case; and hence an objection to *the whole* cannot be sustained. It is true, as argued by appellant, that the vice of testamentary incapacity is not affected by the consideration that testamentary action would or would not have been the same had there been testamentary capacity. But the third excerpt does not assert such a principle. It is in fact but an attempt to state the defendant's contention as to that issue, and, if misleading, an explanatory statement should have been requested.

Although fraud is sometimes referred. to as a form of undue influence (*Eastis v. Montgomery,* 93 Ala. 293, 9 South. 311), and undue influence is generally declared to be a species of fraud (*Moore v. Heineke,* 19 Ala. 627, 638, 24 South. 374; *Coghill v. Kennedy,* 19 Ala. 641, 24 South. 459), the two terms are by no means synonymous—*Moore v. Heineke, supra; Whitcomb v. Whitcomb,* 205 Mass. 310, 91 N. E. 210, 18 Ann. Cas. 410, and note. Fraud, in the sense of *deceit,* is certainly a distinct and separate ground of contest from that of undue influence; for, though a victim of deceit, the testator may still act voluntarily and as a free agent; while, as a victim of undue influence, the will of another is substituted for his own, whether with or without deception.—40 Cyc. 1142, G.

Doubtless fraud may be the means of acquiring an undue influence, and may be an efficient aid to its exercise, and in these aspects evidence of fraud may be admissible on that issue, and doubtless undue influence is, in itself, a species of constructive fraud (*Shipman v. Furniss*, 69 Ala. 555, 565, 44 Am. Rep. 528), yet, where the issue is *undue influence*, even when the burden of proof has been shifted to the proponent, it would be at least misleading to instruct the jury that he must show the absence of *fraud or undue influence*, especially where the only undue influence apparent is that which may be implied from confidential relations. In such a case the presumption of undue influence carries no implication of independent fraud not associated with its operation, and the proponent is required to do no more than show that the testamentary action in question was free from the operation of an undue influence over the testator's mind. From these considerations it results that charges 1, 2, and 3, though they might have been given without error, were not improperly refused on account of their misleading tendency.

The only evidence of any activity on the part of the proponent in or about the preparation of the will was his own statement that he wrote to an attorney to come and write the will, and that he sent for the two attesting witnesses to come and serve in that capacity. In view of his confidential relations with the testatrix, such activity would suffice to create the presumption of undue influence, and impose upon him the burden of showing its absence in fact.—*Bancroft v. Otis*, 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904. But the proponent also testified that he summoned the attorney selected by the testatrix and at her request, and that he notified the attesting witnesses at the request of that attorney. "Such activity, not of proponent's own mo-

tion, or prompted by personal motives, but in behalf of the testatrix, and in furtherance of her purposes, will not combine with confidential relations to shift the burden of proof as to undue influence upon the proponent." —*Eastis v. Montgomery,* 95 Ala. 493, 11 South. 206, 36 Am. St. Rep. 227; *Councill v. Mayhew,* 172 Ala. 295, 55 South. 314.

This qualification of the general rule is very clearly applicable to this case, and charges 1, 2 and 3 are misleading, in that they ignore this phase of proponent's testimony, and tend to exclude it from the consideration of the jury in placing the burden of proof. For this reason also, they were properly refused.

The mere fact that the testatrix was an aged woman at the time she executed the will, and weak in mind and memory, does not, in itself, impose upon the proponent, or a beneficiary, the burden of showing that the disposition of her property was fairly made and emanated from a free will, however strongly it might color and support the charge of undue influence. The effect of charge 13, refused to defendant, is to thus misplace the burden of proof. It is also argumentative, and for both reasons it was properly refused.

The general affirmative charge was properly refused to defendant. It was requested on the theory that the burden of disproving undue influence rested, as a matter of law, upon the proponent; and that he had adduced no evidence whatever that tended to exculpate himself from the presumption of its exercise. But, as we have already shown, if the jury believed all of his testimony, there was no support for the presumption; and hence the result aimed at by the charge remained a question of fact for the jury.

The two attesting witnesses were allowed, against defendant's objection, to testify to the mental capacity

[Shirley v. Ezell.]

of the testatrix at the time she executed the will, without showing any other knowledge thereof than such as was afforded by their observation of her on that occasion. The general rule, of course, is that nonexperts may give their opinion as to one's mental sanity' or insanity only when they show a personal acquaintance of such duration and intimacy as to permit the formation of a trustworthy opinion.—*Odom v. State,* 174 Ala. 41, 56 South. 913. But attesting witnesses to a will have always been treated as an exception to this general rule, and they are ipso facto competent to state their opinions, formed at the time, as to the mental status of the person whose testamentary act they are called upon to solemnly observe and attest.—*McCurry v. Hooper,* 12 Ala. 823, 828, 46 Am. Dec. 280; 40 Cyc. 1025, m. The reasons for the exception are well stated in *Williams v. Spencer,* 150 Mass. 346, 23 N. E. 105, 5 L. R. A. 790, 15 Am. St. Rep. 206. There was no error in allowing this testimony.

The rulings of the trial court being free from error, the decree of probate will be affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.