SHERMAN H. BOWLES *vs.* A. BARR COMSTOCK, administrator *de bonis non* with the will annexed, & another.

Hampden.    January 5, 1934. — March 29, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Probate Court,* Appeal, Findings by judge, Conduct of hearing, Accounts. *Executor and Administrator,* Accounts. *Evidence,* Relevancy and materiality.

Where, upon appeal from a decree of a probate court upon an account, the record, which contained a report of the evidence, showed that a stenographer was appointed, but it did not appear from the record that the appointment was made at the request of any party before evidence was offered, the evidence was not properly before this court; however, it appearing that at the hearing the judge and all parties were of the impression that the evidence was being properly taken, this court, by reason of that and other circumstances, considered the case as though the evidence were properly before them.

Where a judge of probate, at a hearing upon an account, ordered certain items struck out and neither allowed nor disallowed them, stating in effect that the issues raised by such items might be raised in a subsequent account, it could not properly be said that the judge in effect

disallowed such items or that they were then "heard and determined" within the meaning of G. L. (Ter. Ed.) c. 206, § 19, so that it was improper to admit evidence bearing on such issues at the hearing of a subsequent account in which there were items raising such issues; furthermore, in the circumstances, the admission of the evidence over objection could be considered as "leave of the court" to reopen the previous account under said § 19.

Upon appeal from a decree of a probate court upon an account of the personal representative of a decedent, no error prejudicial to the appellant, a respondent, appeared

    (1) In the exclusion of a question asked of one of the officials of the income tax division of the Commonwealth as to the meaning of certain notations on a paper filed by the accountant with that division, which notations the witness did not make nor see made, there being an offer of proof that an explanation of the notations would show either that the accountant did not make a certain contention to the division or made a contention which was not allowed;

    (2) In the exclusion of evidence offered by the appellant, where there was nothing to show that the appellant was harmed by such exclusion.

Where, upon appeal from a decree of a probate court, the evidence, largely oral, being reported, it appeared that there was ample evidence to support the findings by the judge of probate, it could not properly be said that the findings were plainly wrong, although much of the testimony was vague, unresponsive and contradictory.

On the entire record of a hearing by a judge of probate of a difficult and perplexing case involving an account, it did not appear that personal bias of the judge in favor of the accountant influenced the findings by the judge or the decree entered by his order; it was apparent that the judge's attitude was that of one endeavoring to do justice to all parties.

PETITION, filed in the Probate Court for the county of Hampden on April 10, 1933, for allowance of the substituted third account of the petitioner as former administrator with the will annexed of the estate of Elizabeth H. Bowles, late of Springfield.

The case was heard by *Denison,* J., by whose order a decree was entered allowing the account. The respondents appealed. The record on appeal is described in the opinion.

*A. B. Comstock,* (*E. W. Carman & F. H. Free, Jr.,* with him,) for the respondents.

*R. C. Evarts,* for the petitioner.

CROSBY, J. This is an appeal from the allowance of the substituted third account of Sherman H. Bowles, formerly administrator with the will annexed of Elizabeth Hoar

Bowles. The appellants are A. Barr Comstock, administrator with the will annexed of the estate not already administered of Elizabeth Hoar Bowles, and Samuel Bowles, life beneficiary of a trust established by a codicil to the will of the testatrix. Sherman H. Bowles and Samuel Bowles are brothers and sons of the testatrix. Elizabeth Hoar Bowles died January 2, 1924.

On December 10, 1924, Sherman H. Bowles (who will hereinafter be referred to as the accountant) filed an inventory of the estate, the last two items of which listed as assets of the estate two notes of Sherman H. Bowles, one for $5,561.85, and the other for $15,000. The total amount of personal property according to the inventory was $47,871.80. On March 3, 1933, the accountant filed a "Second Substituted First Account," covering the period from July 10, 1924, to March 26, 1926. The first item of schedule A of this account recited the amount of personal property according to the inventory $47,871.80. In schedule B the accountant sought to be allowed for the following items, among others: (a) "9 Jan. 10/24 By payment of note of Sherman H. Bowles made on behalf of Elizabeth H. Bowles," $6,990.74; (b) "10 Jan. 10/24 By amount due S. H. Bowles on advance to pay balance of $10,000 note," $3,009.26; (c) "11 March 26/26 By note of Sherman H. Bowles, entered in inventory, charged off," $5,561.85; and (d) "12 March 26/26 By note of Sherman H. Bowles, entered in inventory, charged off," $15,000. On this account a decree was entered in the Probate Court that the above items 9, 10, 11, and 12 of schedule B be struck out, which items were neither allowed nor disallowed, that the totals of the schedules be altered in conformity therewith; and as so amended each item of the account be finally determined and adjudicated, and the account allowed.

On April 10, 1933, a "Substituted Third Account" was filed by the accountant. The first six items of schedule B were under date of March 31, 1933, and are as follows: (1) "By paid Richard C. Evarts, by direction of Elizabeth H. Bowles, testatrix, in the year 1923" $1,550; (2) "By paid Judd Dewey, by direction . . . of Elizabeth H.

Bowles, testatrix, in the year 1923" $10,000; (3) "By paid Burt L. Hunt, by direction of Elizabeth H. Bowles, testatrix, in the years 1923–4–5" $7,295.55; (4) "By paid Albert Vittum, by direction of Elizabeth H. Bowles, in the years 1923–4–5" $8,200; (5) "By paid Francis T. Bowles, expenses, by direction of Elizabeth H. Bowles, testatrix, in the year 1923" $1,500; and (6) "By paid Warner Stackpole & Bradlee, legal services and expenses, by direction of Elizabeth H. Bowles, testatrix, in the year 1923" $2,016.30. A decree was entered allowing this account. From this decree the administrator Comstock and Samuel Bowles appealed.

All the evidence taken at the many hearings on the several accounts is printed as a part of the record. The accountant contends that the report of the evidence is not properly a part of the record and should be struck therefrom because there was no appointment of a stenographer to take the testimony in accordance with G. L. (Ter. Ed.) c. 214, § 24. See also Rule 76 of the Superior Court (1932). A stenographer was appointed "In the matter of the Allowance of the First Account of Sherman H. Bowles Administrator c. t. a. . . . . to take the evidence in said case." The record does not show whether this appointment was made at the request of any party before any evidence was offered. It is plain that the procedure prescribed by the statute was not followed, and that the report of evidence is not properly before this court. See *Lannin* v. *Buckley*, 256 Mass. 78, 80, 81; *Brodrick* v. *O'Connor*, 271 Mass. 240, 242; *Abeloff* v. *Peacard*, 272 Mass. 56, 59; *Ansara* v. *Regan*, 276 Mass. 586, 591. It appears, however, in numerous places in the record that the judge and all the parties concerned were under the impression that the evidence was being properly taken for report to this court. In view of this fact, and the further facts that the appellee in his brief has repeatedly referred to the reported evidence, and as it is plain that the appellants cannot prevail, the case will be considered as if the report of the evidence were properly before this court.

Where the evidence as here consists of several hundred

printed pages, it is impracticable to give a detailed summary of it. All that will be attempted is to present in general the situation respecting the contentions of the appellants.

The testatrix was left by her husband a considerable interest in the Springfield Republican, a newspaper printed in Springfield. The income from the newspaper was her chief means of support. She had pride in the newspaper which had been edited and managed by her husband, his father, and his grandfather, its founder. In the year 1922 there was a price war between this newspaper and the Springfield Union, also published in Springfield, which was seriously affecting the financial condition of both. The Springfield Republican, which had previously sold for three cents a copy, was then selling for one cent. In the years 1922 and 1923 the testatrix raised the total fund of $30,561.85 and entrusted it to the accountant at different times to be used "for the benefit of the business." The sum of $10,000 she raised in the fall of 1922, by pledging securities belonging to her with the International Trust Company of Boston for a loan evidenced by a note signed by the accountant. The sum of $15,000 she raised in May, 1923, by placing a mortgage on her home. She also raised $5,561.85 in the summer of 1923, by selling certain securities. All these sums were turned over to the accountant at different times, until the fund was finally disposed of. The money was kept in a revolving fund. Some of it was advanced to The Republican Publishing Company, which repaid it and it was put back into the fund. The $10,000 first raised by the testatrix was turned over by the accountant to two newspaper brokers, Hunt and Vittum, and was used to obtain an option to purchase the Springfield Union. This option lapsed, but the accountant, through Richard C. Evarts, Esquire, met one George V. L. Meyer who purchased the Springfield Union in March, 1923. The $10,000 fund to obtain the option was returned and together with the other amounts raised by Mrs. Bowles, amounting in all to $30,561.85, was finally disbursed by the accountant as set forth in items 1–6 inclusive of schedule B

of the substituted third account. In 1926 Meyer sold the
Springfield Union to the Bowles family. At the time of the
death of the testatrix the $30,561.85 had not been entirely
expended. On January 12 and 14, 1924, the accountant paid
the $10,000 note to the International Trust Company out
of assets of the estate. This payment was allowed as a deduc-
tion from the gross estate by the inheritance tax division of
the department of corporations and taxation. The accountant
testified that the two notes listed as the last two items of the
inventory were never in existence; that the money was not a
loan to him by his mother; and that he put these items in the
inventory with the idea that it was a way of showing his
brother and others what he had been doing for his mother
and of making a record of it. The accountant resigned as
administrator with the will annexed of his mother's estate
and the appellant Comstock was appointed administrator
with the will annexed of the estate not already administered.

The first contention of the appellants is that the judge of
probate erred in admitting evidence relating to items 1–6,
both inclusive, of schedule B of the substituted third ac-
count; that the second substituted first account gave
the balance according to the inventory, which listed as
assets of the estate two notes of the accountant, and the
decree on that account was a final adjudication that there
were such notes in existence; that evidence to prove the
contrary, or tending to prove that there was no debt owed
by the accountant to the testatrix, was inadmissible. They
base this argument on G. L. (Ter. Ed.) c. 206, § 19, which
provides that ". . . a matter in dispute, previously heard
and determined by the court, shall not without leave of
the court be again brought in question by any of the parties
to such dispute." It is plain that this argument cannot
prevail. The record shows that the judge did not intend
to determine the matter within the meaning of the statute
by allowing the second substituted first account. Items
9–12 of schedule B of that account (above quoted) were
neither allowed nor disallowed. The judge stated that on
a subsequent account the accountant could claim credits
against the balance shown in schedule C. In answer to the

question of Mr. Comstock, one of the appellants: "And among those credits could be items similar to 9 and 10?" the judge answered, "Yes; any of those." Mr. Comstock asked: "In other words, at that time the same issue would be before you if we cared to include those items in that account?" the judge replied: "Any issue might come before us, but not on such fragmentary evidence." The judge further stated, "Any ensuing account unless items have been adjudicated and determined — whatever that means — are open: Anything not determined on the prior account and sums not determined." The above discussion shows that the judge was merely trying to advance the hearing before him, and was not making any ruling which would preclude future evidence relating to items which, if allowed, would affect item 1 of schedule A of the second substituted first account. This conclusively appears by the statement of the judge that items similar to items 9–12 of schedule B could be brought up later. Furthermore, the admission of the evidence notwithstanding the objection of the appellants may well be considered as "leave of the court" to reopen the former account within the provision of the statute. G. L. (Ter. Ed.) c. 206, § 19. In view of the statements of the judge, some of which are quoted above, the appellants have no sound ground to complain that they were surprised by the admission of the evidence objected to, and were not prepared to offer evidence in rebuttal. There was no error in the admission of the evidence. All the cases cited by the appellants are distinguishable. *Renwick* v. *Macomber*, 225 Mass. 380, *Johnson* v. *Brink*, 271 Mass. 521, *Brackett* v. *Fuller*, 279 Mass. 62, and the other cases cited by the appellants, were decided upon different facts than here appear.

The second contention of the appellants is similar to the first. It is that the decree of the Probate Court which strikes out items 9–12 of schedule B of the second substituted first account, although purporting neither to allow nor disallow these items, constituted in effect a disallowance of the same, and that the decree could not be opened for the allowance of items 1–6 of schedule B of the substituted third

account, said items being substantially similar to items 9–12 of the previous account, although stated in different words. What has already been said disposes of this contention. The judge expressly stated that items 9–12 could be taken up and considered upon a subsequent account, that he did not purport to disallow them, and the decree so recites.

The appellants' third contention is that the judge erred in the admission and exclusion of certain evidence. The appellants' exceptions thereto will be considered in the order presented in their brief: (A) The judge admitted testimony of the accountant tending to show that the money received by him from his mother constituted a trust or agency fund and was not a loan. This contention stands upon the same footing as the contentions hereinbefore considered, and need not be further discussed. There was no error in dealing with this testimony. (B) After the evidence described in (A) *supra* had been admitted the appellants moved that it be struck out. It is sufficient to say that this motion could not properly have been granted. (C) The appellants inquired of one Mr. Huse, an official connected with the income tax division of the Commonwealth, as to the meaning of certain penciled notations on the accountant's inventory included in the file from the inheritance tax division. The notations were not made by the witness nor did he see them made. This evidence was rightly excluded. Counsel for the appellants stated in his offer of proof that an explanation of the notations would tend to prove that the accountant either made no contention that the notes listed in the inventory should not have been made a part thereof, or made a contention which was not allowed. The evidence was not admissible to show what the accountant did or failed to do. Whether or not any contention of his was allowed by the inheritance tax department could have no bearing upon the questions before the judge of probate. (D) The appellant Samuel Bowles was asked by his counsel whether or not he consulted a certain lawyer in Framingham in connection with the accounting late in 1930. The question was excluded. Although counsel stated that he was inquiring not what the con-

versation was, but only whether there was such a conversation, which would doubtless be admissible, it does not appear that the appellants were harmed by the exclusion of the evidence. An excepting party must show that he was aggrieved or injured by the ruling to which he excepts. *Whitcomb* v. *Whitcomb*, 205 Mass. 310, 313. There is nothing to show that the appellants were harmed by the exclusion of evidence under (E), (F) or (G), the three remaining exceptions argued by the appellants on their brief. Accordingly, they need not be further considered.

The next contention of the appellants is that the allowance of items 1–6, both inclusive, of schedule B of the substituted third account, in so far as a question of law is involved, was erroneous, that such findings of fact as may be the basis for the allowance of the items are plainly wrong, and for that reason the items should have been disallowed. Where, as here, there is an appeal from a decree of the Probate Court and all the evidence is reported, this court is required to examine the evidence and decide the case upon its own judgment, but such of the findings of the probate judge as are based on oral testimony cannot here be reversed unless they are plainly wrong, or based on some error of law. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 144. *Draper* v. *Draper*, 267 Mass. 528, 531. *Johnson* v. *O'Lalor*, 279 Mass. 10, 13. *Eddy* v. *Eddy*, 281 Mass. 156, 158. Much the larger part of the evidence in the present case was oral testimony. The appellants point out many instances where the testimony was vague, unresponsive and contradictory. Nevertheless, it cannot properly be said that the probate judge was plainly wrong. There was plenty of evidence, if believed, to support his findings. Where the testimony is as vague and generally obscure as in this case the trial judge, who saw the witnesses and heard them testify, is in a much better position to decide the facts than is this court. This contention of the appellants must be overruled.

The final contention of the appellants is that the accountant was shown undue leniency and consideration by the judge of probate, and that his attitude in this respect was

necessarily to some extent reflected in his findings, and in the decree now before us on appeal. Several instances are cited in support of this contention. Upon a careful consideration of the entire record it is apparent that the attitude of the judge of probate was that of one endeavoring to do justice to all parties in an extremely difficult and perplexing case. The accountant was unfamiliar with his duties, and admittedly made several mistakes in his accounts, and his methods of bookkeeping were unbusinesslike. That the judge was willing to bear with him in an attempt to reach the truth is commendable. The record does not show that any personal bias on the part of the judge influenced his decision. The case of *Preston* v. *Peck*, 271 Mass. 159, is distinguishable on the facts there shown from the case at bar. A finding was warranted that the accountant received the amount in question from his mother and expended it in accordance with her instructions.

The decree of the Probate Court should be affirmed.

*Ordered accordingly.*