Sullivan, J.
By this action of tort the plaintiff seeks damages for alleged injuries received by her while a customer in the defendant’s store where she slipped and fell on a strawberry which was on the floor. The answer contained a general denial with a plea of contributory negligence.
There was a finding for the defendant. The report is alleged to contain all the evidence material to the issues involved. Of the nine requests for rulings of law submitted by the plaintiff all were granted but #6 which was denied and is as follows: “The evidence warrants a finding for the plaintiff for the reasons, or either of them, that: a. The strawberry on which the plaintiff slipped had been permitted by the defendant to remain on its floor for such a period of time that the defendant should have known of it and removed it. b. The strawberry was dropped by an employee of the defendant.”
As the finding was for the defendant it is entitled to have the evidence considered in its aspect most favorable to *90 it. Winchester v. Erickson, 281 Mass. 210, 212; Laroche v. Singsen, 281 Mass. 369.
It is not the function of this division, in an action at law, to review the evidence, but only to determine whether the finding1 of the trial judge can be supported on any reasonable view of the testimony. Winchester v. Missin, 278 Mass. 427, 428; Moss v. Old Colony Trust Co., 246 Mass. 139, 143; O’Toole v. Magoon, Mass. Adv. Sh. (1936) 1885, 1887 & cases cited.
There was evidence on behalf of the plaintiff which tended to show that she entered the premises of the defendant on the morning of May 31, 1938 and made some purchases; that boxes of strawberries were exhibited on the meat counter and strawberries were sold at the fruit counter; that the berries were received by the defendant between the hours of nine and ten a. m.; that the plaintiff while waiting at the meat counter to be served saw one of the defendant’s employees show a prospective customer a box of strawberries and “tossed” them about in the container so that the quality of them could be seen; that about twelve o’clock noon when the plaintiff had completed her purchases she went to' the grocery counter to collect some bundles that she had left there and when about seven feet from the meat counter she slipped on a strawberry, which was on the floor, and fell, causing her injuries; that the point where she fell was about twenty feet from the fruit counter and about six feet from the spot where the defendant’s employee had “tossed” the box of strawberries while exhibiting them for sale; that when she was assisted from the floor she saw a strawberry stuck to the bottom of her shoe; that there were but a few customers and eight employees in the store at the time.
The evidence most favorable to the defendant tendered to prove that there was gray linoleum on the floor and that *91 at the point where the plaintiff fell was a spot of water about the size of a fifty cent piece; that there were no strawberries sold from the display on the meat counter; that there was no strawberry on the floor; that the latter was swept about every half hour and the last sweeping took place about twenty minutes before the plaintiff received her alleged injuries.
In the course of the trial court’s findings it is there stated that the plaintiff had not sustained its burden in proving the defendant to; be negligent either by reason of its employees having dropped or placed the berry on the floor or by reason of a third party having placed a berry on the floor which was permitted to remain an unreasonable length of time and without being noticed and removed.
We cannot set aside the finding when the same is based on oral testimony that is conflicting unless such finding is plainly wrong. Bowles v. Comstock, 286 Mass. 159, 167; Draper v. Draper, 267 Mass. 528, 531; Johnson v. O’Lalor, 279 Mass. 10, 13; Eddy v. Eddy, 281 Mass. 156, 158.
There was evidence to sustain the finding for the defendant and we cannot say that finding was unwarranted. Boston & Albany R. R. Co. v. Commonwealth, Mass. Adv. Sh. (1937) 83, 86, 87.
It is contended by the plaintiff that it is prejudicial error on the part of the trial court to deny her request #6 i. e. “The evidence warrants a finding for the plaintiff for the reasons, or either of them, that: a. The strawberry on which the plaintiff slipped had been permitted by the defendant to remain on its floor for such a period of time that the defendant should have known of it and removed it. b. The strawberry was dropped by an employee of the defendant.” The request is correct practice in the District Courts in that it raises the question of law whether the evidence is sufficient to warrant a finding for the plaintiff or
*92 that it would not warrant such a finding. Forbes v. Gordon & Gerber, Inc., Mass. Adv. Sh. (1937) 1053. This request entitled the plaintiff to its allowance or a showing that it had become irrelevant. Bresnick v. Heath, 292 Mass. 293. The ruling sought was designed to test the sufficiency of the evidence. Forbes v. Gerber, supra, Prall v. Andrew, Vol. 4 Mass. App. Div. Reports No. 1, page 3. If the evidence did warrant such a finding for the plaintiff the refusal is error, because the plaintiff has been deprived of the right to have the evidence considered upon the material issues of fact. In this case the judge did consider the evidence upon the crucial question of fact and found that, — “The plaintiff has not sustained the burden of proving that the defendant was negligent either by reason of one of its employees having dropped or placed a berry on the floor or by reason of a third party having placed a berry on the floor which had remained on the floor an unreasonable time, without the defendant noticing it and cleaning it up”. “The facts found upon all the evidence rendered the request irrelevant. The plaintiff was not harmed.” Ajax Shoe & Leather Co. v. Irving Selig et al., Mass. Adv. Sh. (1940) 463, 464-5 & cases cited. The trial court further found that the floor had been swept at half hour intervals and was swept twenty minutes before the plaintiff received her injuries. The court found that there was no table in the centre of the store with strawberries on it and that they were sold on the fruit counter; that strawberries were placed on the meat counter not for sale, but for display. The finding supported the evidence. The result of the ease does not depend upon the refusal to rule and the ruling implied in that refusal. Cameron v. Buckley, Mass. Adv. Sh. (1938) 311, Strong v. Haverhill Electric Co., Mass. Adv. Sh. (1938) 345, 346 & cases cited. It is clear that a just decision has been made under the principles of law appropriate to the facts found to be *93 true. Freeman v. Robinson, 238 Mass. 449, 452; Rathgeber v. Kelley, Mass. Adv. Sh. (1938) 331, 332 and cases cited. See Marquis v. Messier, Mass. Adv. Sh. (1939) 1385, 1386; Glanz v. LaCentra, 3 Mass. A. D. R. page 204.
In the case at bar sufficient reasons are given in the findings of fact. Prall v. Andrew, 4 Mass. A. D. R. page 3.
■ There is no prejudicial error.
Report dismissed.: