69 So.2d 282

**HASTY et al.   v.   HASTY.**

**4 Div. 763.**

Supreme Court of Alabama.

Dec. 17, 1953.

J. Hubert Farmer and J. N. Mullins, Dothan, for appellants.

H. K. & J. F. Martin, Dothan. and Halstead. & Whiddon, Headland, for appellee.

STAKELY, Justice.

This is a case in which a claim was sought to be established against the estate of a decedent. On July 2, 1952, Minnie Hasty (appellee) was appointed administratrix of the estate of Mrs. T. J. Hasty, deceased, by the Probate Court of Henry County. As an individual Minnie Hasty then filed her claim for personal services rendered to the decedent during the years 1945 through 1951, inclusive, and also through three months of the year 1952. Administration of the estate was removed to the Circuit Court of Henry County, in Equity. Contest of the claim was filed by A. L. Hasty and R. G. Hasty (appellants), two of the heirs at law of Mrs. T. J. Hasty, deceased. An administrator ad litem was appointed to represent the estate on the trial of the contest. There was a trial of the contest before a jury, resulting in a verdict and judgment for the claimant in the sum of $1,850. Hence this appeal.

Assignments of error are based (1) on the refusal of the affirmative charge, which was requested in writing by the contestants, and (2) the rulings of the court, respectively, on other written charges to which we shall later refer.

At the time of her death on March 28, 1952, Mrs. T. J. Hasty was 82 years of age. Tendencies of the evidence also showed the following: She weighed around 65 to 70 pounds and was feeble and almost blind. She was not able to wait on herself and did not have control of her bodily actions all of the time. The decedent was not able to look after her personal needs from the year 1945 until the time of her death. Minnie Hasty (appellee) was the only person to administer to the decedent's needs and requirements from 1945 until the time of her death in 1952. The acts performed by Minnie Hasty for the decedent were necessary and essential to her welfare and mainte-

nance. Minnie Hasty cooked for her, carried her meals to her, bathed her, helped her to dress and undress, helped her in and out of bed and in general waited on and took care of her during the period of time prior to her death which has been set forth. The physical condition of Mrs. T. J. Hasty steadily grew worse and her personal requirements increased from the year 1945 until her death in 1952. The claim sued on is for these services and tendencies of the evidence showed that the services were worth from $25 to $30 per month during the first years of service and from $30 to $50 per month in the subsequent years prior to the death of Mrs. Hasty. No one else waited on or served the decedent other than Minnie Hasty, except for a few short periods of time during which Minnie Hasty was required to leave the decedent as for example because of the illness of her husband, who had been removed to a hospital in Atlanta, Georgia.

Various neighbors, who knew the decedent and often visited in the home where the decedent lived and where Minnie Hasty served decedent, testified to the foregoing situation. Each of them testified to statements made by Mrs. T. J. Hasty during this period, at least one of which was in the presence of Minnie Hasty. We set out these expressions as follows: "She wished that they would pay her. She was good to her and she was entitled to something and she wished they would pay her. * * * She told me that Minnie was better to her than her children. * * * She said that Minnie or Mrs. Hasty had been as good or better to her than her own children and when she was done for, passed on, she wanted her to have pay for what she had done for her. * * * She told me one evening when I was there, she was sitting in her chair by the fireplace, just Minnie, Aunt Dora and myself, she was telling me how much work Minnie had to do and she was good to her and she wanted her to have pay at her death for what she had done for her. * * * Yes, I have heard her say that Minnie was better to her than her own children. I heard her say that she wanted Minnie to have pay at her death for taking care of her. * * * About a year and a half before her death, I was visiting in the home one afternoon and she told me that Minnie had been better to her than any of her children had been and she said when she died she wanted Minnie to be paid for waiting on her. That she had earned something. * * * She said she wanted Minnie to have pay that she had been better to her and waited on her when the rest of the children wouldn't do it. * * * Well, we were talking there and she made the statement to me that Minnie Hasty had been better to her than any of her children and had waited on her and that she wanted her to have pay for it at her death."

Mrs. T. J. Hasty, as the widow of her deceased husband, was in possession of 100 acres of land at the time her son E. C. Hasty married the claimant, Minnie Hasty. E. C. Hasty was living with his mother at the time of his marriage and remained in his mother's home along with his wife until his mother's death, 17 years later. Tendencies of the evidence showed, however, that Minnie Hasty never received any compensation or pay in any form for the services rendered Mrs. T. J. Hasty during the years for which the claim here involved was made. Furthermore the living, support and well being of the family of Minnie Hasty did not come from Mrs. T. J. Hasty and they did not get anything off of the farm.

I. Citing such authorities as Patterson v. Carter, 147 Ala. 522, 41 So. 133, and Box v. Box, 247 Ala. 291, 24 So.2d 28, it is insisted that the contestants were entitled to the affirmative charge. Since the affirmative charge was refused the contestants, the entire evidence must be viewed in its most favorable light to the claimant and where this is done and a reasonable inference may be drawn adverse to the parties requesting the affirmative charge, such charge was properly refused. Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224; Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355. It is argued by the appellants that there was no proof showing an expressed or implied agreement by the decedent to pay or an expectation on the part of the claimant at the time services

were rendered to receive payment for the services. It is contended that the proof at best shows that the services of the claimant were gratuitous and grew out of the family relationship and furthermore that the proof at best indicates a desire on the part of Mrs. T. J. Hasty, deceased, to provide for Minnie Hasty after her death and that there was no charge against her estate for such services. These authorities, however, together with Hyde v. Starnes, 247 Ala. 26, 22 So.2d 421, show that any presumption against an obligation to pay for such services is a rebuttable presumption and that an implied agreement may be inferred and support an action of this kind as between near relatives where the facts and circumstances are such that a mutual intent to pay and to receive pay for such services is a reasonable and just conclusion.

Upon a careful consideration this court is of the opinion that there was evidence before the court from which an inference of such mutual agreement could be inferred and that the court acted properly in refusing the affirmative charge requested by the contestants.

II. There was no error in the action of the court in refusing to give written charge No. 5, requested by the contestants. The charge is argumentative and misleading. Singleton v. State, 106 Ala. 49, 17 So. 327; McClendon v. McKissack, 143 Ala. 188, 38 So. 1020; Shirley v. Ezell, 180 Ala. 352, 60 So. 905; Alabama Digest, Trial, ☞240.

III. There was no error in the action of the court in refusing to give charge No. 6, requested in writing by the contestants. The charge is abstract. There is no evidence in the record that Minnie Hasty ever received any compensation for the personal services rendered by her to the decedent. Minnie Hasty testified that she had never received any compensation or pay in any form, including aid or sustenance from the farm of Mrs. T. J. Hasty, for the services rendered to Mrs. T. J. Hasty during the years from 1945 to 1952.

We note that the action of the court in overruling the motion for new trial is assigned as error. We fail, however, to find in the record any such motion. Hence this ruling of the court cannot be reviewed here.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.