RICHARD L. HOLMES, Retired Appellate Judge.
Alexander B. Higgins filed a two-count complaint, wherein he alleged that between November 1990 and March 1992, he did work and labor for Homer Lee Nobles, Sr., at the request of Nobles. Higgins further alleged that Nobles has failed, or refused, to pay him for the work and labor done and that Nobles breached an implied contract and was unjustly enriched. Higgins demanded judgment in the amount of $17,825. Nobles filed an answer, wherein he denied that he owed any compensation to Higgins.
A non-jury trial was held. Thereafter, the trial court issued an order, wherein it found that the services rendered to Nobles by Higgins were gratuitous and grew out of the family relationship between the two — Higgins was married to Lucille Nobles Higgins, who is Nobles’s daughter, until their divorce in December 1992. Judgment was entered in favor of Nobles.
Higgins filed a motion for a new trial, which was denied.
Higgins appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
On appeal Higgins contends that the trial court committed reversible error when it concluded that he had rendered services to Nobles gratuitously and also when it denied his motion for a new trial.
Initially, we would note that in a non-jury case, the trial judge is the finder of fact and that a presumption of correctness attaches to his findings and to the judgment based on these findings. Clardy v. Capital City Asphalt Co., All So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, All So.2d 350.
We have reviewed the record on appeal. Suffice it to say that there was conflicting evidence presented in this case. However, it was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evi- *1213 denee, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
Our review of the record reveals the following pertinent facts: Nobles is 83 years of age. He owns a house located in or near Huntsville, Alabama, and has lived in this house approximately 30 years.
Some time prior to November 1990, Higgins and his wife, Lucille, moved from California to Huntsville. They lived in an apartment in Huntsville for a period of time prior to moving in with Nobles. Nobles allowed the couple to live in his house rent-free. In addition, Nobles paid for the utilities.
Thereafter, it was decided that Nobles’s house was too small for the couple to be comfortable living there, and plans were made to build an addition onto the house. It is undisputed that the addition was solely for the use of Higgins and his wife, Lucille. The construction of the addition was a do-it-yourself project, which began in November 1990. Higgins testified that he worked on the construction of the addition for approximately one year.
Higgins contends that he and Nobles had an agreement that if things did not work out between Higgins and his wife, Lucille, Nobles would compensate Higgins for the work and labor done. Nobles testified that he never promised that he would pay Higgins for his labor. In fact, Nobles testified that it was his daughter, Lucille, who approached him about constructing an addition onto his house. He further testified that he told his daughter, Lucille, that while they were welcome to construct the addition, he was “not putting out any money” for such an addition.
In Hasty v. Hasty, 260 Ala. 90, 69 So.2d 282 (1953), our supreme court stated that while there is a presumption against an obligation to pay near relatives for services rendered, it is a rebuttable presumption. Our supreme court also stated that an implied agreement may be inferred in cases where the facts and circumstances demonstrate that there was a mutual agreement between the parties to pay and to receive payment for such services and that such a conclusion is reasonable and just.
In the present case the couple was living with Nobles rent-free. There was conflicting evidence regarding who suggested that the addition be constructed and whether there was an agreement between Nobles and Higgins regarding compensation for the labor furnished. However, it is undisputed that the addition was constructed solely for the use of the couple.
In light of the above, we cannot find that the trial court’s determination that “[Higgins’s] services were gratuitous and grew out of the family relationship” was manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
Additionally, we would note that the grant or denial of a motion for a new trial is within the trial court’s discretion and that its determination will not be disturbed on appeal unless it appears that there was a plain and palpable abuse of that discretion. Holcombe v. Blackwell, 382 So.2d 566 (Ala.Civ.App. 1980). We find no such abuse of that discretion.
Consequently, the judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.